## AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1923, Petitioner,

v.

## FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 81–1583.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1982.

Decided April 13, 1982.

Rehearing and Rehearing En Banc Denied May 17, 1982.

Charles Lee Nutt, Baltimore, Md. (Clements & Nutt, Baltimore, Md., on brief), for petitioner.

Ellen Stern, Mary Elizabeth Medaglia, Associate Sol., Washington, D. C. (Robert J. Freehling, Sol., Washington, D. C., on brief), for respondent.

Before WINTER, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and HALL, Circuit Judge.

HARRISON L. WINTER, Chief Judge.

The union, the exclusive bargaining representative of a unit of government employees, seeks review of a decision of the Federal Labor Relations Authority. The Authority's decision modified an award of an arbitrator by restricting the extent to which the governmental unit (Social Security Administration) could negotiate with the union with reference to performance standards. Review was sought under the provisions of 5 U.S.C. § 7123(a). We conclude that we lack jurisdiction to entertain the petition and so we dismiss it.

---

## I.

A bargaining agreement which existed in 1977 between the union and the governmental unit required them to meet and confer on modifications to the performance appraisal system. In 1978 Congress enacted the Civil Service Reform Act,[1] which in Title II, 5 U.S.C. § 4302, required every agency to develop a performance appraisal system which would provide periodic appraisal of employee job performance to be used as a basis for training, reassignment, promotion, etc. When the Social Security Administration made known that, pursuant to regulations adopted by the Office of Personnel Management, it intended to establish performance standards and to identify critical elements and that these actions would not be negotiable, the union invoked the grievance procedure established by the bargaining agreement and submitted the issue of the negotiability of development of a new performance appraisal system to binding arbitration.

The arbitrator found that the grievance was arbitrable and, under the terms and provisions of the bargaining agreement, the parties were required to bargain with respect to the establishment of a new performance appraisal plan. The arbitrator did not consider the effect of the 1978 legislation. Because Social Security thought that the arbitrator's decision violated 5 U.S.C. § 4302(a), which provides that each agency should establish a performance appraisal system, it sought review by the Authority pursuant to 5 U.S.C. § 7122(a). The Authority sustained Social Security's position. Based upon its earlier decisions, it ruled that negotiation with respect to the establishment of a performance appraisal system and the identification of critical elements would be illegal, but that negotiation on various other aspects of performance appraisal systems was legally permissible. It therefore modified the arbitrator's award to limit the duty to bargain to those matters permitted by law. It is from this decision of the Authority that the present petition for review is filed.

## II.

Our jurisdiction to consider petitions for review is contained in 5 U.S.C. § 7123(a). That statute gives any person "aggrieved by any final order of the Authority" the right to invoke judicial review by a court of appeals. An exception to the grant of general jurisdiction is with respect to

.... an order under—

(1) section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118[2] of this title ...

There can be no doubt that the order sought to be reviewed was rendered under 5 U.S.C. § 7122 and that it involved an award by an arbitrator. The only issue that we must decide is whether the order also involved an unfair labor practice under § 7116. If it did then we have jurisdiction to reach the merits; if it did not, then jurisdiction is lacking. We hold that jurisdiction is lacking.

Section 7116(a) enumerates what acts on the part of an agency may be an unfair labor practice. The only one having possible application here is § 7116(a)(5), "to refuse to consult or negotiate in good faith with a labor organization as required by this chapter ..." While we think that the dispute between the union and Social Security could have been litigated in the context of a violation of § 7116(a)(5), the fact is that the union invoked the grievance procedure and arbitration on an entirely different theory. It sought, in effect, a declaratory judgment; it did not assert that Social Security had violated § 7116 and the arbitrator did not advert to any violation of § 7116.

Before the Authority the dispute between the parties was whether a contractual undertaking to negotiate had been superseded

---

1.  Pub.L.No.95–454, 92 Stat. 1111 (1978).

2.  The parties are agreed that this is a misprint in the statute and that the correct reference is "7116" which sets forth unfair labor practices under the statute.

by a later Congressional enactment. The issue was one of negotiability and whether there was a duty to negotiate, not a claim that an unquestioned duty to negotiate had been breached. The decision of the Authority served to spell out the extent of the duty to negotiate and did not find that there had been any breach of that duty. As a consequence we think that neither the arbitrator nor the Authority decided an unfair labor practice charge, and therefore we lack jurisdiction to give judicial review.

DISMISSED.