708 F.2d 1417
 113 L.R.R.M. (BNA) 3302
 UNITED STATES MARSHALS SERVICE and the Department of
Justice, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
and
American Federation of Government Employees, AFL-CIO,
International Council of United States Marshals
Service Locals, Respondent-Intervenor.
 No. 81-7400.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 17, 1982.
Decided June 21, 1983.
 
 Mary Elizabeth Medaglia, Ellen M. Stern, William E. Persina, Washington, D.C., for respondent.
 Marilyn S.G. Urwitz, William Kanter, Mary E. Jacksteit, Washington, D.C., for petitioners.
 On Petition for Review of an Order of the Federal Labor Relations Authority.
 Before TRASK and KENNEDY, Circuit Judges, and KELLEHER,* District Judge.
 KENNEDY, Circuit Judge:
 
 
 1
 This case requires us to determine the extent of our statutory jurisdiction to review a decision of the Federal Labor Relations Authority when it has ruled on exceptions to the decision of an arbitrator. We find no jurisdiction to review the Authority's decision in this case, and we dismiss the appeal. There is little authority on the Federal Labor Relations Act generally, but the Fourth Circuit has ruled on the jurisdictional question before us, and we follow its decision. American Federation of Government Employees v. Federal Labor Relations Authority, 675 F.2d 612 (4th Cir.1982).
 
 
 2
 The parties seeking review are the United States Marshals Service and the Department of Justice, here called the Agency. The Agency contends we must reverse an order of the Authority which sustained an arbitrator's decision in favor of a union, the American Federation of Government Employees, which is the collective bargaining agent for the United States Marshals. The arbitrator determined the Agency's failure to notify and negotiate with the union before changing the hours of daily workshifts was a violation of the collective bargaining agreement covering the marshals. The Agency argues we have jurisdiction under 5 U.S.C. Sec. 7123(a).[1]
 
 
 3
 The collective bargaining agreement involved here requires the Agency to notify the union at least 45 days before effecting any change in working conditions, and to negotiate at the union's request. In October 1978, two Agency offices created new work shifts to reduce overtime pay for Deputy United States Marshals. The Agency gave the union no notice of its intention to create the additional shifts, and did not bargain with the union about the change. In January 1979, the union invoked arbitration over its grievance that there was a contract violation for the Agency to order unilateral changes without notification and negotiation with the union. The Agency contended that the management rights section of the agreement, as well as the management rights section of the Federal Labor Relations Act, 5 U.S.C. Sec. 7106, establishes that negotiation regarding the additional shifts was not mandatory. The arbitrator ruled for the union on the merits, and found the Agency in violation of the contract.
 
 
 4
 Both the union and the Agency filed exceptions to the arbitrator's award with the Authority pursuant to 5 U.S.C. Sec. 7122.[2] The Authority affirmed the arbitrator's decision in its entirety. The Agency petitions us to review the Authority's decision.
 
 
 5
 The Act secures the rights of federal employees with respect to labor organizations and includes provisions for collective bargaining by certified bargaining representatives. 5 U.S.C. Sec. 7102. The Act specifies what constitutes an unfair labor practice, 5 U.S.C. Sec. 7116, and provides for the Authority's adjudication of unfair labor practice complaints. 5 U.S.C. Sec. 7118. The centrality of arbitration is recognized in the Act, which requires the inclusion of grievance and arbitration procedures in all collective bargaining contracts. 5 U.S.C. Sec. 7121.[3]
 
 
 6
 With exceptions not here relevant, where an issue can be raised either as a grievance under the contract or as an unfair labor practice complaint, the complainant must elect one or the other procedure. 5 U.S.C. Sec. 7116(d).[4] If an unfair labor practice charge is filed, and adjudicated by the Authority, we have jurisdiction to review the Authority's decision, 5 U.S.C. Sec. 7123(a); if the arbitration path is chosen, the Authority resolves exceptions to the arbitrator's award, and our jurisdiction to review the Authority is foreclosed, except in cases where the Authority's "order involves an unfair labor practice." 5 U.S.C. Sec. 7123(a)(1). The question presented by the statute, and on this appeal, is whether, when the arbitration path is chosen and a contract violation is the focus of the arbitration, we nevertheless may review the Authority's disposition of exceptions to the award if the underlying contract violation can be characterized as an unfair labor practice.
 
 
 7
 Though the statutory command is not entirely clear, we think the proper rule is this: where arbitration has been elected and the Authority reviews exceptions to an award, we have no jurisdiction to review the Authority's determination unless an unfair labor practice is either an explicit or a necessary ground for the final order issued by the Authority. Though certain exceptions to the rule may present themselves as the law in this field evolves, none are suggested here. Under the rule we state, there is no jurisdiction in the instant case since the collective bargaining agreement itself was the basis for both the arbitrator's determination and the Authority's review of the arbitration award. To say that we have jurisdiction whenever a contract dispute can also fit within the unfair labor practice sections of the Act, though it has not been so treated either by the arbitrator or the Authority, would be to give too little scope and effect to the arbitration process and to the final review function of the Authority, procedures deemed important to the expeditious review that Congress made a central part of the Act.
 
 
 8
 In the private sector, a principal reason for deference to arbitration is to allow the law of the shop and the industrial workplace to come into play. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 580-82, 80 S.Ct. 1347, 1351-53, 4 L.Ed.2d 1409 (1960). Federal employment, circumscribed as it is by statute and regulation, may leave less room for this development, but there remains a compelling explanation for the congressional encouragement to arbitrate, and that is the integrity of the bargaining and contract process itself. Expeditious enforcement of arbitration awards based on the contract promotes the force and meaning of the contractual process and encourages resort to negotiated grievance procedures. Review of exceptions to the arbitration award by the Authority itself, without judicial review unless an unfair labor practice is necessarily implicated, is the explicit congressional design.
 
 
 9
 Our conclusion is in accord with that of the Fourth Circuit in American Federation of Government Employees v. Federal Labor Relations Authority, 675 F.2d 612 (4th Cir.1982). The court there found no jurisdiction to review a determination of the Authority confirming an arbitration award. As here, the court pointed out that, though the dispute in question could have been litigated as an unfair labor practice, in fact it was not, and that the Authority in its determination confined itself to the contract violation.
 
 
 10
 Our holding does not conflict with the result or the reasoning in Columbia Power Trades Council v. United States Department of Energy, 671 F.2d 325 (9th Cir.1982), and the Authority's reliance on that decision is misplaced. Columbia Power presented the question whether a district court has jurisdiction to redress alleged unfair labor practices in the private sector at the instance of a party other than the Authority. Cf. 5 U.S.C. Sec. 7123(d). There a union sued in federal district court to enforce an arbitration award. The arbitration and the underlying dispute being governed wholly by the Federal Labor Relations Act, we held the matter was committed by statute to the primary jurisdiction of the Authority and dismissed the suit for lack of jurisdiction. We observed, and continue to think properly so, that a party by an artful course of pleadings may not avoid the jurisdiction of the Authority under the Act. There the question was whether the dispute resolution processes of the Act in their entirety might be avoided. Here, however, the issue is whether, all having conceded that the Act applies, our appellate jurisdiction may turn upon an election of the complaining party and the rationale for disposition adopted by the Authority. The Act itself having conferred an election between arbitration under the contract and the filing of an unfair labor practice complaint, and the Authority having determined to stay within the arbitral framework in its decision, it is appropriate for us to acknowledge the arbitration and contract processes and to decline jurisdiction, as the statute compels.
 
 
 11
 We reject also the Agency's contention that since the arbitrator construed the management rights section of the Act, appellate review is permitted by Alexander v. Gardner-Denver Co., 415 U.S. 36, 56-57, 94 S.Ct. 1011, 1023-24, 39 L.Ed.2d 147 (1974). Alexander is distinguishable, among other reasons, because the arbitrator there construed Title VII of the Civil Rights Act, which explicitly provides for judicial enforcement and is a statute separate and distinct from the labor Act. All parties here concede the dispute is governed entirely by Federal Labor Relations Act, which the arbitrator and the Authority are empowered to construe.[5]
 
 
 12
 For lack of jurisdiction, the appeal is DISMISSED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Section 7123(a) provides:
 (a) Any person aggrieved by any final order of the Authority other than an order under--
 (1) section 7122 of this title (involving an award of an arbitrator), unless the order involves an unfair labor practice under section 7118 of this title, or
 (2) section 7112 of this title (involving an appropriate unit determination),
 may, during the 60-day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia.
 
 
 [2]
 Section 7122 provides:
 (a) Either party to arbitration under this chapter may file with the Authority an exception to any arbitrator's award pursuant to the arbitration (other than an award relating to a matter described in section 7121(f) of this title). If upon review the Authority finds that the award is deficient--
 (1) because it is contrary to any law, rule, or regulation; or
 (2) on other grounds similar to those applied by Federal courts in private sector labor-management relations;
 the Authority may take such action and make such recommendations concerning the award as it considers necessary, consistent with applicable laws, rules, or regulations.
 (b) If no exception to an arbitrator's award is filed under subsection (a) of this section during the 30-day period beginning on the date of such award, the award shall be final and binding. An agency shall take the actions required by an arbitrator's final award. The award may include the payment of backpay (as provided in section 5596 of this title).
 
 
 [3]
 Section 7121 provides in relevant part:
 (a)(1) Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d) and (e) of this section, the procedures shall be the exclusive procedures for resolving grievances which fall within its coverage.
 (2) Any collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement.
 (b) Any negotiated grievance procedure referred to in subsection (a) of this section shall--
 (1) be fair and simple,
 (2) provide for expeditious processing, and
 (3) include procedures that--
 * * *
 (C) provide that any grievance not satisfactorily settled under the negotiated grievance procedure shall be subject to binding arbitration which may be invoked by either the exclusive representative or the agency.
 * * *
 
 
 [4]
 Section 7116(d) provides:
 (d) Issues which can properly be raised under an appeals procedure may not be raised as unfair labor practices prohibited under this section. Except for matters wherein, under section 7121(e) and (f) of this title, an employee has an option of using the negotiated grievance procedure or an appeals procedure, issues which can be raised under a grievance procedure may, in the discretion of the aggrieved party, be raised under the grievance procedure or as an unfair labor practice under this section, but not under both procedures.
 
 
 [5]
 5 U.S.C. Sec. 7121(b)(3)(C) requires that "any grievance not satisfactorily settled under the negotiated grievance procedure shall be subject to binding arbitration...."
 According to 5 U.S.C. Sec. 7103(a)(9)(C),
 (9) "grievance" means any complaint--
 * * *
 (C) by any employee, labor organization, or agency concerning--
 * * *
 (ii) any claimed violation, misinterpretation, or misapplication of any law, rule, or regulation affecting conditions of employment. (Emphasis added)
 The management rights section of the Act is a law affecting conditions of employment. See, e.g., NLRB v. American Ins. Co., 343 U.S. 395, 408-09, 72 S.Ct. 824, 831-32, 96 L.Ed. 1027 (1952), and its meaning was properly before the arbitrator and the Authority in this case.