**UNITED STATES MARSHALS SERVICE, and the Department of Justice, Petitioners,**

**v.**

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

American Federation of Government Employees, AFL–CIO, Intervenor.

**FEDERAL LABOR RELATIONS AUTHORITY, Cross-Petitioner,**

**v.**

**UNITED STATES MARSHALS SERVICE and the Department of Justice, Cross-Respondent,**

American Federation of Government Employees, AFL–CIO, Intervenor.

Nos. 83–7973, 84–7093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 1984.

Decided Dec. 23, 1985.

William Kanter, Rosalind Avnet Lazarus, Civ. Div., Dept. of Justice, Washington, D.C., for petitioners.

William E. Persina, Robert Englehart, Ruth Peters, Federal Labor Relations Authority, for respondent.

Mark D. Roth, Joe Goldberg, American Federation of Government Employees, AFL–CIO, Washington, D.C., for intervenor.

Before BROWNING, Chief Judge, GOODWIN and SKOPIL, Circuit Judges.

GOODWIN, Circuit Judge.

The United States Marshals Service petitions for review of an order of the Federal Labor Relations Authority (F.L.R.A.) finding the Service guilty of an unfair labor practice. The unfair labor practice charged was the Marshals Service's refusal to comply with an earlier order of the F.L.R.A. enforcing an arbitration award. In challenging the order finding an unfair labor practice, the Service attempts to challenge collaterally the order which enforced the arbitration award itself. The Union argues that because we have no jurisdiction to review these particular arbitration awards directly, we cannot review them indirectly.

### BACKGROUND

In 1978 the Marshals Service changed its deputy marshal tours of duty to create overlapping shifts that eliminated overtime. The American Federation of Government Employees filed a grievance. The Union alleged that the agency's unilateral decision to change the starting and quitting times of unit employees violated the collective bargaining agreement. The agency asserted that under the management-rights provision of the agreement it had reserved the unilateral right to establish tours of duty within the basic work week without notifying and bargaining with the Union. The grievance proceeded to binding arbitration under the parties' collective bargaining agreement, and the Union prevailed.

The arbitrator, relying on provisions of the bargaining agreement, the labor-management relations title of the Civil Service Reform Act of 1978, 5 U.S.C. § 7106(b)(1) (1982),[1] and the F.L.R.A.'s decision in *National Treasury Employees Union, Chapter 66 and IRS, Kansas City Service Center*, 1 F.L.R.A. 927 (1979), decided that the subject matter of numbers, types and grades of employees assigned to a tour of duty were matters for collective bargaining. The award granted that part of the Union's requested remedy that required the Marshals Service to bargain before changing tours of duty and to reinstate employees to their former tour of duty. The award did not, however, grant the Union's request for back pay for marshals whose shifts had been changed.

Both the Marshals Service and the Union filed exceptions to the award with the Federal Labor Relations Authority pursuant to 5 U.S.C. § 7122(a) (1982)[2] and 5 C.F.R. Part 2425 (1980). The Marshals Service claimed that the award was contrary to law because it violated management's rights under 5 U.S.C. § 7106 (1982), as well as the Federal Employees Pay Act of 1945, 5 U.S.C. § 5542(a) (1982), which establishes overtime pay rates for federal employees. The Union's exception concerning back pay is not at issue here.

The F.L.R.A. held that the arbitrator had correctly applied § 7106(b)(1) in finding the Marshals Service obligated to bargain about the hours of work on new shifts.

The Marshals Service then petitioned this court for review of the F.L.R.A.'s decision and informed the Union that it was declining to implement the award pending that appeal. We held that when "arbitration has been elected and the Authority reviews exceptions to an award, we have no jurisdiction to review the Authority's determination unless an unfair labor practice is either an explicit or a necessary ground for the final order issued by the Authority." *United States Marshals Service v. F.L.R.A.*, 708 F.2d 1417, 1420 (9th Cir.1983). Because the arbitration award was based on interpretation of the collective bargaining agreement and was not accompanied by an unfair labor practice charge, we dismissed the appeal for lack of jurisdiction. *Id.* at 1421. *Accord American Federation of Government Employees, Local 1923 v. F.L.R.A.*, 675 F.2d 612, 613 (4th Cir.1982).

While that appeal was pending, the Union had filed an unfair labor practice charge with the F.L.R.A. because the Service refused to comply with the arbitrator's award pending the appeal. The F.L.R.A.'s general counsel issued an unfair labor practice complaint, alleging that the Marshals Service's refusal to comply violated 5 U.S.C. § 7116(a)(1) and (8) (1982)[3].

In hearings on the complaint, the administrative law judge found that the Marshals Service's refusal to comply with the award constituted an unfair labor practice. The

1. Section 7106(b)(1) reads:
   (b) Nothing in this section shall preclude any agency and any labor organization from negotiating—
   (1) at the election of the agency, on the numbers, types, and grades of employees or positions assigned to any organizational subdivision, work project, or tour of duty, or on the technology, methods, and means of performing work;

2. Section 7122(a) provides:
   (a) Either party to arbitration under this chapter may file with the Authority an exception to any arbitrator's award pursuant to the arbitration (other than an award relating to a matter described in section 7121(f) of this title). If upon review the Authority finds that the award is deficient—

(1) because it is contrary to any law, rule, or regulation; or
(2) on other grounds similar to those applied by Federal courts in private sector labor-management relations;
the Authority may take such action and make such recommendations concerning the award as it considers necessary, consistent with applicable laws, rules, or regulations.

3. Section 7116(a)(1) and (8) reads:
   (a) For the purpose of this chapter, it shall be an unfair labor practice for an agency—
   (1) to interfere with, restrain, or coerce any employee in the exercise by the employee of any right under this chapter;

   .    .    .    .    .

   (8) to otherwise fail or refuse to comply with any provision of this chapter.

F.L.R.A. affirmed this decision. *United States Marshals Service and American Federation of Gov't Employees*, 13 F.L.R.A. 351 (1983). The Marshals Service petitioned this court for review of that decision pursuant to 5 U.S.C. § 7123(a) (1982)[4]. The Union intervened as a respondent, and the F.L.R.A. filed a cross-application for enforcement of its order. 5 U.S.C. § 7123(b) (1982)[5].

## JURISDICTION

According to the plain words of § 7123(a), this court has jurisdiction of this second appeal because it challenges a final order of the F.L.R.A. finding an unfair labor practice. The Marshals Service contends, moreover, that for this court properly to review the finding of an unfair labor practice, we must also pass upon the validity of the arbitrator's award underlying the F.L.R.A. order that management defied. The case turns on the validity of this assertion.

We begin with the statute and its legislative history. A union may choose any one of three ways to place before the F.L.R.A. the question whether an agency has refused to negotiate in good faith.

First, under 5 U.S.C. § 7117(c) (1982), if an agency alleges that the duty to bargain in good faith does not extend to any matter, the union may appeal this allegation for a determination by the F.L.R.A.

Second, any person may allege that an agency or union is engaging in an unfair labor practice. 5 U.S.C. § 7118(a) (1982). The F.L.R.A. general counsel investigates and then may issue a complaint. After a hearing, an administrative law judge may recommend that the F.L.R.A. issue an order to cease and desist from the unfair labor practice; to renegotiate a collective bargaining agreement; to reinstate an employee with back pay; or any combination of these or other remedies that will carry out the purpose of the statute. 5 U.S.C. § 7118(a)(7) (1982); *see* 5 C.F.R. § 2423.26 (1982). After receiving the parties' exceptions to these recommendations, the F.L.R.A. issues its decision affirming or reversing the administrative law judge. 5 C.F.R. §§ 2423.26, 2423.27, 2423.29 (1982).

Third, refusal-to-bargain issues may come to the F.L.R.A., as in this case, through the grievance and arbitration route set out at 5 U.S.C. § 7121 (1982). All covered federal employees' collective bargaining agreements must contain procedures for settling grievances. 5 U.S.C. § 7121(a)(1) (1982). Following an arbitration award, either party may submit exceptions to the F.L.R.A., which may set aside the award if it finds it to be contrary to any law, rule, or regulation, or on other grounds similar to those applied by federal courts in private sector labor-management relations. 5 U.S.C. § 7122(a) (1982).

■ This court has explicit jurisdiction to review final decisions of the F.L.R.A. made under the first two options. *See Marshals Service*, 708 F.2d at 1419–20. *Cf. National Treasury Employees Union v. F.L.R.A.*, 732 F.2d 703 (9th Cir.1984) (because union initially filed unfair labor practice charge, final order of F.L.R.A. reviewable by this court).

■ In this case, however, the Union invoked arbitration of its grievance and, according to § 7123(a)(1), received a final

4. Section 7123(a) provides:
(a) Any person aggrieved by any final order of the Authority other than an order under—
(1) section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118 of this title, or
(2) section 7112 of this title (involving an appropriate unit determination),
may, during the 60-day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia.

5. Section 7123(b) reads:
(b) The Authority may petition any appropriate United States court of appeals for the enforcement of any order of the Authority and for appropriate temporary relief or restraining order.

order of the F.L.R.A. approving an award by an arbitrator. That award did not involve an unfair labor practice and was not directly reviewable by this court. *Marshals Service*, 708 F.2d at 1419–20.

The Marshals Service argues that because Congress provided for judicial review when an action initially begins as an unfair labor practice charge, an unreviewable duty-to-bargain order enforcing an arbitration award becomes reviewable if the party seeking review defies the order and thereby commits an unfair labor practice. This roundabout way of obtaining appellate review of a nonreviewable arbitration award has little to commend it in terms of judicial economy. It also flies in the face of legislative intent.

The House-Senate Conference Committee Report addresses the compromise of House and Senate versions of § 7123(a) and specifically addresses congressional intent on jurisdiction to review an arbitrator's award or review of the F.L.R.A.'s § 7122 decision via 5 U.S.C. § 7123:

> In the case of those other matters that are appealable to the Authority the conference report authorizes both the agency and the employee to appeal the final decision of the Authority except in two instances where the House recedes to the Senate. As in the private sector, there will be no judicial review of the Authority's determination of the appropriateness of bargaining units, and there will be no judicial review of the Authority's action on those arbitrators awards in grievance cases which are appealable to the Authority. The Authority will only be authorized to review the award of the arbitrator on very narrow grounds similar to the scope of judicial review of an arbitrator's award in the private sector. In light of the limited nature of the Authority's review, the conferees determined it would be inappropriate for there to be subsequent review by the court of appeals in such matters.

H.R.Rep. No. 1717, 95th Cong., 2d Sess. 153 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2860, 2887.

While the foregoing statement of legislative intent could have been more specific, it is difficult to argue that Congress intended to create another layer of appeal in these arbitration cases by permitting the review sought here. If we were to agree with the employing agency in this case, then every nonappealable arbitration award would automatically become appealable by the simple election to defy the order and then be found guilty of an unfair labor practice.

The Marshals Service relies on *Council of Prison Locals v. Brewer*, 735 F.2d 1497 (D.C.Cir.1984), in which the District of Columbia Circuit discussed situations in which indirect review of a final order of the Federal Service Impasses Panel might be permitted. The case sheds little or no light on the specific question before us.

In *Council of Prison Locals*, the court held that orders by the Impasses Panel were final and could not be subjected to direct judicial review. It emphasized that "our conclusion today does not mean that absolutely *no* judicial review of Panel orders is available." *Id.* at 1500 (emphasis original). It then noted that if a union or employer failed to comply with an order of the Impasses Panel, that would constitute an unfair labor practice under § 7116 which would be reviewable, first, by the F.L.R.A. and then, if further review is sought, by the courts of appeals. "In such an appeal, the courts may review the validity of the Panel order in question." *Id.* The court held that the specific review procedure of § 7123(a) foreclosed the assumption of general federal question or mandamus jurisdiction and that only in exceptional circumstances might a district court exercise federal jurisdiction to invalidate a Panel order made " 'in excess of its delegated powers and contrary to a specific prohibition of the Act.' " *Id.* at 1500–01, (*quoting Leedom v. Kyne*, 358 U.S. 184, 188, 79 S.Ct. 180, 184, 3 L.Ed.2d 210 (1958)).

We need not decide whether the specific statute we are considering would likewise permit a court to strike down an order enforcing an award decision made in

excess of delegated powers and contrary to a specific prohibition of the Act. No such problem confronts us here. The challenged arbitration award cleared the sort of hurdles suggested by *Leedom v. Kyne* on the first appeal. We do not study the question de novo and compare the arbitrator's award with the award we might have made on the basis of briefs and arguments refined by the years of litigation the parties have employed in this case. We review the award only to determine whether an unfair labor practice was committed. Finding that the Marshals Service has committed an unfair labor practice, we decline to review the original FLRA award for deficiencies within the meaning of § 7122(a). 5 U.S.C. § 706(2)(A). *Bureau of Alcohol, Tobacco and Firearms v. F.L.R.A.*, 464 U.S. 89, 97 n. 7, 104 S.Ct. 439, 444 n. 7, 78 L.Ed.2d 195 (1983).

We have little difficulty in holding that the studied refusal of the employer to abide by an F.L.R.A. order enforcing a final arbitration award is an unfair labor practice.

Enforcement is granted. The Union is entitled to attorney fees from the Marshals Service.