931 F.2d 887
 137 L.R.R.M. (BNA) 2440
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, LOCAL R4-106, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 90-2038.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided April 25, 1991.
 
 On Petition for Review of a Decision of the Federal Labor Relations Authority.
 Neil Curtis Bonney, Virginia Beach, Va., for petitioner; L. Ray Hollowell, Virginia Beach, Va., on brief.
 Denise Marie Morelli, Federal Labor Relations Authority, Washington, D.C. (argued), for respondent; William E. Persina, Solicitor, William R. Tobey, Deputy Solicitor, Federal Labor Relations Authority, Washington, D.C., on brief.
 F.L.R.A.
 DISMISSED.
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 PER CURIAM:
 
 
 1
 We are presented here with the question of whether we have jurisdiction to review the decision of the Federal Labor Relations Authority denying exceptions of the National Association of Government Employees Local R-4-106 to an arbitrator's determination not to proceed with the Union's request for attorneys' fees. Because the underlying dispute involves an arbitrator's award that does not involve an unfair labor practice, we grant the Authority's motion to dismiss the appeal for lack of jurisdiction. See 5 U.S.C. Sec. 7123(a); American Fed'n of Gov't Employees, Local 1923 v. FLRA, 675 F.2d 612 (4th Cir.1982).
 
 
 2
 In a related proceeding, National Ass'n of Gov't Employees, Local R4-106 and Dep't of the Air Force, 34 F.L.R.A. 792 (Feb. 9, 1990), the grievant, who had been suspended by the Air Force for 14 days for disregarding Air Force directives and refusing to comply with orders, pursued arbitration. The arbitrator overturned the suspension, directed that the grievant be made whole, and concluded that he was without jurisdiction to grant the Union's request for attorneys' fees expended on behalf of the grievant. On review, the Authority found that the arbitrator's award did not set forth a proper basis for denying the Union's request for attorneys' fees and remanded the request for attorneys' fees to the parties, permitting them to submit the issue to the arbitrator.
 
 
 3
 Following the decision of the Authority, the arbitrator notified the Air Force and the Union's counsel, Neil Bonney, Esquire, that he was awaiting their advice on how to proceed. Soon thereafter, the arbitrator received a joint letter dated November 16, 1981, from the Air Force and the Union local president, which stated that the attorneys' fees issue would not be pursued further by arbitration:
 
 
 4
 The parties hereby agree not to request reopening of the case for the purpose of attorney fees. The Union has not given the authority to anyone at this time or anytime in the past to act on its behalf in reopening the case and the parties are therefore not prepared to submit a briefing or provide the cost of arbitration fees.
 
 
 5
 J.A. 23. Shortly thereafter the arbitrator also received a letter dated November 17, 1988, from Bonney which stated: "[P]lease accept this letter as the Union's request for you to arbitrate the issue of attorney fees." J.A. 21. The arbitrator received a second letter from Bonney dated November 18, 1988, in which he acknowledged the parties' agreement and stated that he, and not the Union local president, was the Union representative. J.A. 25. Honoring the agreement between the Union local president and the Air Force not to reopen the case, the arbitrator decided not to proceed on the request for attorneys' fees. He noted that pursuant to the collective bargaining agreement under which the arbitration had taken place, the Union and Air Force are the parties to the arbitration. He found that, under the agreement, a case could be withdrawn from further proceedings by proper action of the Union; that the Union's representative or counsel had no separate standing in a case; and that the representative status could be rescinded by the Union. The arbitrator ruled that the agreement signed by the Union local president to withdraw the case from further arbitration effected a rescission of any authorization to attorney Bonney to reopen the case before the arbitrator. J.A. 27-28.
 
 
 6
 The Union appealed to the Authority, taking exception to the arbitrator's decision, and the Authority denied the exception. This appeal followed.
 
 
 7
 This Court's jurisdiction to review final orders of the Authority derives from 5 U.S.C. Sec. 7123(a), which reads in relevant part:
 
 
 8
 Any person aggrieved by any final order of the Authority other than an order under--
 
 
 9
 (1) section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118[1] of this title ... may ... institute an action for judicial review of the Authority's order in the United States court of appeals....
 
 
 10
 The language of the statute thus provides for judicial review of final Authority orders in arbitration matters only when the order involves an unfair labor practice. See AFGE, Local 1923, 675 F.2d at 613.
 
 
 11
 The issue resolved by the arbitrator and affirmed by the Authority did not involve an unfair labor practice. No such claim was made by the Union, and the Authority's decision makes no reference to any violation of 5 U.S.C. Sec. 7116(a), which enumerates those acts which may constitute unfair labor practices. The issue affirmed by the Authority was the determination by the arbitrator that the agreement between the Union local president and the Air Force should be honored.
 
 
 12
 The Union, while agreeing that no claim for an unfair labor practice was made, contends in its brief that "the entire case rests on what is tantamount to an unfair labor practice." It argues that although the Union was represented by counsel, the Air Force met with the Union local president and persuaded him to drop the attorneys' fee issue and that the Air Force's "actions which disregarded and bypassed the Union's designated representative constitute an unfair labor practice." Brief of Petitioner at 10-11.
 
 
 13
 That the Union did not pursue this case as an unfair labor practice is dispositive of this court's jurisdiction. See AFGE, Local 1923, 675 F.2d at 613. Moreover, its contention that the Union claim is "tantamount" to raising an unfair labor practice is without a factual basis. The collective bargaining agreement that gave rise to the arbitration named the local Union as a party. The president of the local had the authority to bind the Union without the consent of the national union or its appointed representative. As a party, the Air Force was free to contact the local president without going through Union counsel. Therefore, even were we to assume that the Union's allegations were true, the Air Force's conduct would not constitute an unfair labor practice under Sec. 7116(a). Where, as here, "neither the arbitrator nor the Authority decided an unfair labor practice charge," this Court lacks jurisdiction to give judicial review. AFGE, Local 1923, 675 F.2d at 614.
 
 
 14
 For these reasons we grant the Authority's motion to dismiss the appeal for lack of jurisdiction.
 
 
 15
 DISMISSED.
 
 
 
 [1]
 The statute's reference to section 7118 is a misprint. The correct reference is "7116" which sets forth unfair labor practices under the statute. AFGE, Local 1923 v. FLRA, 675 F.2d at 613 n. 2