**Lt. Col. Serge TONETTI, Petitioner-Appellant,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent-Appellee.**

No. 85–7485.

United States Court of Appeals, Eleventh Circuit.

Oct. 30, 1985.

Rehearing Denied Dec. 11, 1985.

Ruth E. Peters, Sol., Steven H. Svartz, Deputy Sol., Pamela P. Johnson, Washington, D.C., for respondent-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

The petitioner, Lt. Col. Serge Tonetti, seeks review of a final decision of the Federal Labor-Relations Authority (the Authority). In its decision, the Authority de-

nied exceptions to an arbitration award filed, on behalf of Tonetti, by Local 1858, American Federation of Government Employees, AFL–CIO (the Union). The Union had challenged an arbitrator's award which sustained a one-day disciplinary suspension of Tonetti for his refusal to report to a new work assignment. The Authority has moved to dismiss the petition, arguing that this court has no jurisdiction to review the Authority's decision in this case. We agree and accordingly grant the motion to dismiss.

I.

Tonetti was employed as a General Engineer, GS–13, with the United States Army Missile Command, Redstone Arsenal, Alabama (the Agency) and was assigned to the Targets Management Office (TMO) of the Missile Logistics Center when he was suspended. The events leading to his suspension began in March, 1982 when the Agency decided to transfer Tonetti's engineering position from the Army Missile Laboratory (AML) to TMO. The Agency advised Tonetti, by letters in April and June of 1982, of its decision to transfer his position and offered him the reassigned position at TMO, but he neither accepted nor declined the offer. Thereafter, by letter of August 4, 1982, the Agency notified Tonetti of his reassignment to TMO effective August 15, 1982, with a reporting date of August 16. Tonetti then requested, in a letter to the Agency dated August 12, that his transfer from AML to TMO be held in abeyance. Tonetti was granted leave during the week of August 16 and was therefore not required to report to TMO until August 23. On August 23, however, instead of reporting to TMO, Tonetti was allowed to pack his work papers at AML, with the under-

standing that he would report to his new assignment at TMO the next day or be placed on absence without approved leave (AWOL) status. Tonetti did not pack on August 23 nor did he report for duty at TMO on August 24. As a result, he was carried as AWOL on that date and was subsequently given a one-day disciplinary suspension without pay for failure to follow instructions and for being AWOL.

Tonetti filed a grievance on the one-day suspension which was processed in accordance with the negotiated grievance procedures contained in the 1979 collective bargaining agreement between the Agency and the Union. The grievance was eventually referred to arbitration. The arbitrator found that Tonetti's suspension "was for just cause and for such cause as would promote the efficiency of the service." Accordingly, the arbitrator denied the grievance. The Union filed exceptions to the arbitrator's award with the Authority. In its decision in *United States Army Missile Command, Redstone Arsenal, Alabama and American Federation of Government Employees*, Case No. O–AR–790 (May 24, 1985), the Authority denied the exceptions because the Union had failed to establish that the arbitrator's award was deficient on any grounds set forth in section 7122(a) of the Labor-Management Relations Act, 5 U.S.C. §§ 7101–7135 (1982).[1] It is from this decision that Tonetti's petition for review is filed.

II.

This case presents a question of first impression in this circuit concerning our statutory jurisdiction to review the Authority's disposition of exceptions to arbitration awards. The Fourth and Ninth Circuits

**1.** 5 U.S.C. 7122(a) provides:
   (a) Either party to arbitration under this chapter may file with the Authority an exception to any arbitrator's award pursuant to the arbitration (other than an award relating to a matter described in section 7121(f) of this title). If upon review the Authority finds that the award is deficient—
      (1) because it is contrary to any law, rule, or regulation; or

   (2) on other grounds similar to those applied by Federal courts in private sector labor-management relations;
   the Authority may take such action and make such recommendations concerning the award as it considers necessary, consistent with applicable laws, rules or regulations.

have previously ruled on the jurisdictional question now before us, and we follow their decisions in concluding that we lack jurisdiction to consider the present petition for review. *See United States Marshals Service v. Federal Labor Relations Auth.*, 708 F.2d 1417 (9th Cir.1983); *American Federation of Government Employees, Local 1923 v. Federal Labor Relations Auth.*, 675 F.2d 612 (4th Cir.1982).

The statutory basis for our jurisdiction is 5 U.S.C. § 7123(a) (1982)[2] wherein Congress has empowered courts of appeals to review final decisions of the Authority. The statute, however, specifically exempts from the jurisdiction of the circuit courts virtually all Authority arbitration decisions issued pursuant to section 7122 unless, the arbitration decision involves an unfair labor practice. 5 U.S.C. § 7123(a)(1); *see also* 5 U.S.C. § 7116 (1982) (defining "unfair labor practice").

The Fourth and Ninth Circuits have both recognized Congress' intent, as expressed in the plain language of section 7123(a)(1), to limit judicial review of Authority decisions in arbitration cases to those involving an unfair labor practice as defined by section 7116. As the Fourth Circuit noted:

> There can be no doubt that the order sought to be reviewed was rendered under 5 U.S.C. § 7122 and that it involved an award by an arbitrator. The only issue that we must decide is whether the order also involved an unfair labor practice under § 7116. If it did then we have jurisdiction to reach the merits; if it did not, then jurisdiction is lacking.

675 F.2d at 613. Similarly, in *United States Marshals Service*, 708 F.2d at 1420, the Ninth Circuit stated that "where arbitration has been elected and the Authority reviews exceptions to an award, we have no jurisdiction to review the Authority's determination unless an unfair labor practice is either an explicit or a necessary ground for the final order issued by the Authority."

In the instant case, grievance and arbitration procedures were invoked to challenge the Agency's allegedly unjustified one-day disciplinary suspension of Tonetti. There was no assertion made that the Agency had violated section 7116, and the Authority's final decision sustaining the arbitration award makes no reference to any violation of section 7116. In addition, having reviewed the Authority's decision we conclude that an unfair labor practice as that term is defined was not "a necessary ground" for the decision. *Id.* Consequently, Tonetti's petition for review must be DISMISSED.

---

**2.** 5 U.S.C. § 7123(a) provides:
> (a) Any person aggrieved by any final order of the Authority other than an order under—
> > (1) section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118 of this title, or
> > (2) section 7112 of this title (involving an appropriate unit determination),

may, during the 60-day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia.