**Jacqueline A. Tommas GRIFFITH, Plaintiff,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Defendant.**

Civ. A. No. 86–1614.

United States District Court, District of Columbia.

Nov. 18, 1986.

Lois Williams, Elaine Kaplan, Nat. Treasury Employees Union, Washington, D.C., for plaintiff.

William E. Persina, Elsa D. Newman, Federal Labor Relations Authority, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

■ Once more, the confusing, complex and unnecessarily intricate federal personnel laws must be unravelled. Here, in considering defendant's motion to dismiss or, in the alternative, for summary judgment, and plaintiff's motion for summary judgment, the Court must determine whether or not it has subject matter jurisdiction over plaintiff's claim for a within-grade salary increase. The material facts are not in dispute; a purely legal question is presented.

Plaintiff, an estate tax attorney employed by the Internal Revenue Service, is a member of the National Treasury Employees Union. After being denied a within-grade salary increase she was eventually granted the increase by an arbitrator. On appeal, the Federal Labor Relations Authority ("Authority") reviewed the arbitration award on the grievance pursuant to the Federal Service Labor–Management Relations statute, codified as amended at 5 U.S.C. §§ 7101 to 7135 (1982 & Supp. III 1985) ("the statute").

The Authority set aside the arbitrator's award on the ground that, under 5 U.S.C. § 5335(a) (1983 & Supp III 1985), a within-grade salary increase cannot be given unless the file shows the increase has, in fact, been earned by the employee. The arbitrator, who made no such determination, was held to have erred by ignoring this requirement. He made the award solely because the underlying file was procedurally incomplete and defective. It was noted that in so doing the arbitrator had misapplied the Back Pay Act, 5 U.S.C. § 5596 (1982).

Plaintiff seeks an injunction setting aside the Authority's action as arbitrary and not in accordance with law.

The statute provides for direct judicial review of the Authority's rulings in the courts of appeals, and then only in situa-

tions, unlike this case, where the Authority's decision involves an unfair labor practice. 5 U.S.C. 7123(a) (1982). *See also United States Department of Justice v. FLRA,* 792 F.2d 25, 27–29 (2d Cir.1986); *Tonetti v. FLRA,* 776 F.2d 929, 931 (11th Cir.1985); *United States Marshals Service v. FLRA,* 708 F.2d 1417, 1420 (9th Cir. 1983); *American Federation of Government Employees, Local 1923 v. FLRA,* 675 F.2d 612, 613–14 (4th Cir.1982). There is no provision in the statute contemplating any review by a district court. Indeed, the only reference to district court jurisdiction is found in 5 U.S.C. § 7123(d), which simply allows a district court to act in aid of appellate jurisdiction upon petition of the Authority when review of an unfair labor practice is involved; "[a]t no point does the Act entitle a *party* to petition a district court for relief." *Columbia Power Trades Council v. United States Department of Energy,* 671 F.2d 325, 327 (9th Cir.1982) (emphasis in original).

The limited court review permitted under the explicit terms of the statute is emphasized by its legislative history. The Conference Report stated that "there will be no judicial review of the Authority's action on those arbitrators [sic] awards in grievance cases which are appealable to the Authority." H.R.Rep. No. 95–1717, 95th Cong., 2d Sess. 153 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News, 2723, 2887. The requirement of a clear and convincing showing of Congress's intent to preclude judicial review, *see, e.g., Dunlop v. Bachowski,* 421 U.S. 560, 567, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975), is satisfied by the legislative history taken in combination with the statute's clear wording. *See Columbia Power Trades Council, supra,* 671 F.2d at 327 ("it is manifestly the expressed desire of Congress to create an exclusive statutory scheme"); *United States Marshal Service, supra,* 708 F.2d at 1420 (review "by the Authority itself, without judicial review unless an unfair labor practice is necessarily implicated, is the explicit congressional design").

The Authority's action therefore cannot be reviewed by this Court under the statute. Jurisdiction is not found elsewhere.

It cannot be said that a prohibited personnel action falling within 5 U.S.C. § 2302 (1982) is pled. *See Carducci v. Regan,* 714 F.2d 171, 175 (D.C.Cir.1983). *See also Gray v. Office of Personnel Management,* 771 F.2d 1504, 1510–11 (D.C.Cir.1985), *cert. denied,* 475 U.S. 1089, 106 S.Ct. 1478, 89 L.Ed.2d 732 (1986); *Brown v. United States,* 631 F.Supp. 954, 957 n. 6 (D.D.C. 1986). *Cf. National Treasury Employees Union v. Devine,* 733 F.2d 114, 117 n. 8 (D.C.Cir.1984), *vacated on other grounds,* 473 U.S. 1301, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985); *Flake v. Bennett,* 611 F.Supp. 70, 75–76 (D.D.C.1985).

If jurisdiction is otherwise barred, plaintiff urges that the limited exception developed under the holding of *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), must be found applicable. But plaintiff has failed to make the "strong and clear" showing of a statutory or constitutional violation, *McCulloch v. Libbey–Owens–Ford Glass Co.,* 403 F.2d 916, 917 (D.C.Cir.1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969), that is required under this circuit's indication that the *Kyne* exception is "extraordinarily narrow." *Hartz Mountain Corporation v. Dotson,* 727 F.2d 1308, 1312 (D.C.Cir.1984); *see also International Longshoremen's Association v. National Mediation Board,* 785 F.2d 1098, 1100 (D.C.Cir.1986); *Physicians National House Staff Association v. Fanning,* 642 F.2d 492, 495–96 (D.C.Cir. 1980) (en banc), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981).

No specific or mandatory provision of the statute has been violated. Nor is a valid constitutional due process issue present, as plaintiff has not even demonstrated the required property interest in a within-grade salary increase, *see, e.g., Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). All that has developed is that the Authority is unwilling to approve a retroactive within-grade salary increase where the employee has failed to establish that her work was at an acceptable level of competence. In so doing it acted consistently with 5 U.S.C. §§ 5335(c), 5596 and 7122(a)

of the statute. But even if the Authority erred as a matter of law, as plaintiff urges, this by itself cannot support assertion of jurisdiction under the *Kyne* exception. *See Physicians, supra,* 642 F.2d at 496 & n. 4.

The Court lacks subject matter jurisdiction and the complaint must be dismissed. Defendant's motion to dismiss is granted. An appropriate Order is filed herewith.