**PHILADELPHIA METAL TRADES COUNCIL c/o Philadelphia Naval Shipyard Building 637, Philadelphia, PA 19112, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY 500 C Street, Washington, D.C. 20424, Respondent.**

No. 91–3369.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Feb. 4, 1992.

Decided May 5, 1992.

Dennis L. Friedman, Philadelphia, Pa., for petitioner.

William E. Persina, Sol., William R. Tobey, Deputy Sol., Arthur A. Horowitz, Associate Sol., Jill A. Griffin, N.L.R.B., Washington, D.C., for respondent.

Before: BECKER, ROTH, Circuit Judges and McCUNE, District Judge.*

* Honorable Barron P. McCune, United States District Judge for the Western District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

ROTH, Circuit Judge.

Petitioner, Philadelphia Metal Trades Council (Union), seeks review of a decision issued by Respondent, Federal Labor Relations Authority (Authority), setting aside an arbitrator's award of attorney's fees to the Union. The Authority has moved to dismiss the petition, on the ground that this court does not have jurisdiction to review its decision. This case requires that we determine the extent of our jurisdiction under the Federal Labor–Management Relations Act (LMRA), 5 U.S.C. § 7101 et seq., and the Administrative Procedure Act (APA), 5 U.S.C. § 551 et seq., to review a ruling of the Authority on exceptions made to an arbitrator's decision. For the reasons stated below we agree with the Authority that we do not have jurisdiction to review its decision in this case.

### I.

This proceeding was initiated when the Union filed a request for arbitration on behalf of one of its members (the grievant) who was injured on the job. The Philadelphia Naval Shipyard had suspended the grievant for five days, on the ground that the injury was caused by his negligence. Based on the evidence presented, the arbitrator found that, although the grievant had contributed to his injury to some extent, a five-day suspension was improper. Consequently the arbitrator reduced the suspension to two days and awarded the grievant lost wages attributable to the reduction in the suspension.

The Union next filed a motion for attorney's fees under the Back Pay Act, 5 U.S.C. § 5596(b) (1988). Noting that the Shipyard did not respond to this motion, the arbitrator issued a cursory order awarding the fees requested. The Union has acknowledged that the arbitrator provided no rationale to support the award. The Shipyard then filed exceptions with the Authority, alleging that an award of attorney's fees was contrary to the Back Pay Act as a result of the arbitrator's failure to address each pertinent statutory requirement and to articulate fully the specific findings supporting the award. Agreeing with the Shipyard, the Authority found that the arbitrator did not provide the requisite support for the attorney's fees award and set aside the award as contrary to the Back Pay Act.[1] The Union now petitions this court for review under Section 702 of the APA, 5 U.S.C. § 702 (1988), and Section 7123 of the LMRA, 5 U.S.C. § 7123 (1988), of the Authority's decision setting aside the attorney's fee.

### II.

Jurisdiction to review final Authority decisions pursuant to the LMRA is set forth in 5 U.S.C. § 7123(a). Under this provision:

(a) Any person aggrieved by any final order of the Authority *other than* an order under—

(1) section 7122 of this title (involving an award by an arbitrator), *unless the order involves an unfair labor practice under section 711[6] of this title,*

.    .    .    .

may, during the 60–day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals....

5 U.S.C. § 7123(a)(1) (emphasis added).[2]

The Courts of Appeals which have considered the scope of this grant of jurisdic-

---

**1.** Before it will affirm an arbitrator's award of attorney's fees under the Back Pay Act, the Authority requires a fully articulated reasoned decision, setting forth the specific findings supporting the determination on each pertinent statutory requirement. *E.g., United States Dep't of the Navy, Naval Aviation Depot, Norfolk, Virginia and National Ass'n of Gov't Employees, Local R4–83,* 40 FLRA 154, 158 (1991). If the Authority strikes an award of attorney's fees due to a finding that support for the award is defi-cient, it will not remand the issue of attorney's fees to the parties for further proceedings. *See United States Dep't of the Navy, Naval Aviation Depot, Norfolk, Virginia and National Ass'n of Gov't Employees, Local R4–83,* 43 FLRA No. 8 (November 13, 1991).

**2.** It is generally recognized that Congress' reference to 5 U.S.C. § 7118 in this quoted passage was an "inadvertent miscitation." *See, e.g., American Federation of Gov't Employees, Local*

tion essentially have concurred that an Authority decision is reviewable "only if an unfair labor practice is either an explicit or necessary (implied) ground for disposition of the arbitrated grievance." *American Federation of Gov't Employees, Local 916 v. FLRA*, 951 F.2d 276, 278 (10th Cir.1991). *See also Overseas Educ. Ass'n v. FLRA*, 824 F.2d 61, 66–68 (D.C.Cir.1987); *United States Dep't of Justice v. FLRA*, 792 F.2d 25, 28 (2d Cir.1986); *Tonetti v. FLRA*, 776 F.2d 929, 930–31 (11th Cir.1985); *United States Marshals Serv. v. FLRA*, 708 F.2d 1417, 1420 (9th Cir.1983); *American Federation of Gov't Employees, Local 1923 v. FLRA*, 675 F.2d 612, 613–14 (4th Cir.1982).

That this circumscribed interpretation of the jurisdictional grant of Section 7123(a) is appropriate is underscored by the legislative history of this provision. Indeed, the statement of the Conference Committee explains:

> [T]here will be no judicial review of the Authority's action on those arbitrators awards [sic] in grievance cases which are appealable to the Authority. The Authority will only be authorized to review the award of the arbitrator on very narrow grounds similar to the scope of judicial review of an arbitrator's award in the private sector. In light of the limited nature of the Authority's review, the conferees determined it would be inappropriate for there to be subsequent review by the courts of appeals in such matters.

H.R.Rep. No. 1717, 95th Cong., 2nd Sess. 153 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2887 (Conference Report).

▪ Thus, as a general matter, Section 7123(a) removes from judicial review Authority decisions, which in turn are reviewing arbitration awards, with the exception of those decisions involving an unfair labor practice under § 7116. *See, e.g., Overseas Educ. Ass'n*, 824 F.2d at 63. In the case before us, there is no dispute that review is sought under 5 U.S.C. § 7123 or that the decision for which review is sought involves an award by an arbitrator. More-

over, the Union does not contend that the Authority's decision involved an unfair labor practice under Section 7116. We find, therefore, in view of the clear language of the statute, that we do not have jurisdiction under Section 7123 to review the Authority's decision to set aside the award of attorney's fees.

▪ The Union contends, however, that even if jurisdiction does not lie under Section 7123, we still have jurisdiction to review the Authority's decision by virtue of Section 702 of the APA. This section provides in part that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. § 702. We reject this contention. Section 701(a) of the APA explains that judicial review under that Act is not available if review of agency action is precluded by other law.[3] *See Webster v. Doe*, 486 U.S. 592, 597–600, 108 S.Ct. 2047, 2050–51, 100 L.Ed.2d 632 (1988); *Sierra Club v. Peterson*, 705 F.2d 1475, 1478 (9th Cir.1983). As detailed above, the LMRA precludes judicial review of final Authority decisions involving an award of an arbitrator, unless such award involves an unfair labor practice. Thus this statute limits our ability to review final Authority decisions, and, pursuant to Section 701(a), the APA does not provide a means for circumventing this limitation.

### III.

For the reasons set forth above we conclude that we lack jurisdiction to review the Authority's decision setting aside the arbitrator's award of attorney's fees. The Authority's motion to dismiss the petition for review will be granted.

*916 v. FLRA*, 951 F.2d 276, 277 n. 4 (10th Cir. 1991).

**3.** 5 U.S.C. § 701(a) states, in part:

> This chapter applies, according to the provisions thereof, except to the extent that—
> (1) statutes preclude judicial review[.] ...