981 F.2d 1339
 142 L.R.R.M. (BNA) 2379, 299 U.S.App.D.C. 137
 UNITED STATES DEPARTMENT OF JUSTICE, United States Federal
Bureau of Prisons, United States Penitentiary,
Lewisburg, Pennsylvania, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
American Federation of Government Employees, Council of
Prison Locals, Intervenor.
 No. 91-1232.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 24, 1992.
Decided Jan. 19, 1993.
As Amended Jan. 26, 1993.
 
 Wendy M. Keats, Atty., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., and William Kanter, Atty., Dept. of Justice, were on the brief, for petitioner.
 Frederick M. Herrera, Atty., F.L.R.A., with whom William E. Persina, Sol., William R. Tobey, Deputy Sol., and Arthur A. Horowitz, Associate Sol., Federal Labor Relations Authority, were on the brief, for respondent.
 Stuart A. Kirsch, Asst. Gen. Counsel, American Federation of Government Employees, Council of Prison Locals, with whom Mark D. Roth, Gen. Counsel, American Federation of Government Employees, was on the brief, for intervenor American Federation of Government Employees, Council of Prison Locals.
 Before: EDWARDS, RUTH BADER GINSBURG and WILLIAMS, Circuit Judges.
 Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.
 HARRY T. EDWARDS, Circuit Judge:
 
 
 1
 On January 6, 1989, Lieutenant John Klopf, a supervisor at the federal penitentiary in Lewisburg, Pennsylvania, ordered Samuel L. Miller, a correctional officer, to stay at his post past his regular work shift. Miller sought permission to take a break to attend to a medical condition, but Lieutenant Klopf denied his request. A few hours later, Miller collapsed at his post. The American Federation of Government Employees ("AFGE" or "union") filed a grievance against the Department of Justice ("DOJ" or "agency") on Miller's behalf.
 
 
 2
 In 1990, an arbitrator sustained the grievance and ordered the DOJ to take disciplinary action against Lieutenant Klopf. The DOJ filed exceptions with the Federal Labor Relations Authority ("FLRA" or "Authority"), which upheld most of the arbitrator's award. The DOJ now petitions this court for review of the FLRA's decision upholding that award.
 
 
 3
 Section 7122(a) of the Federal Service Labor Management Relations Statute ("FSLMRS" or "Statute") provides for Authority review of labor arbitration awards involving parties covered by the Statute. 5 U.S.C. § 7122(a) (1988). However, section 7123(a) of the Statute precludes judicial review of final orders of the Authority "involving an award by an arbitrator," unless the order involves an unfair labor practice. 5 U.S.C. § 7123(a) (1988). This case falls squarely within the ambit of preclusion under section 7123(a). The DOJ argues that, notwithstanding this preclusion, we should consider its petition for review under the doctrine enunciated in Leedom v. Kyne, 358 U.S. 184, 188, 79 S.Ct. 180, 184, 3 L.Ed.2d 210 (1958) (holding that a district court may have jurisdiction over action taken by the National Labor Relations Board, despite an express statutory finality provision, when the agency has acted "in excess of its delegated powers and contrary to a specific prohibition in the [National Labor Relations Act]"). Here, the DOJ contends that, in upholding an arbitral award that required the agency to take disciplinary action against a supervisor, the Authority acted in excess of statutory authority and the action is therefore subject to judicial review. We find no merit in the DOJ's position; accordingly, we dismiss the petition for review for want of jurisdiction.
 
 I. BACKGROUND
 
 4
 The facts surrounding the incident that led to arbitration are not disputed. On January 6, 1989, Miller was scheduled to work the day shift, from 7:30 a.m. to 4:00 p.m. At 4:10 p.m., Miller contacted Lieutenant Klopf and requested to be relieved from duty so that he could take medication and eat a diet meal. The Lieutenant denied his request. At 4:15 p.m., Miller again asked to be relieved, and again was denied by Lieutenant Klopf, who made disparaging comments about Miller. Miller then sought relief from another supervisor at 5:00 p.m., and again from Lieutenant Klopf at 6:30 p.m., but his requests were summarily denied. At 7:00 p.m., Lieutenant Klopf informed Miller that he had "written him up" and recommended him for disciplinary suspension.
 
 
 5
 At 8:00 p.m., Miller collapsed at his post. After being revived by a physician's assistant, Miller stated that he was a diabetic and had not eaten lunch, and then lapsed back into unconsciousness. Miller was taken to a community hospital for treatment. After spending one night in the hospital, he remained at home for the next two days. His absences from work on January 7 and 8 were treated as sick leave. See United States Dep't of Justice and American Fed'n of Gov't Employees, 39 F.L.R.A. 1288, 1289-90 (1991); United States Dep't of Justice and American Fed'n of Gov't Employees, FMCS-89-12040 at 6-8 (Jan. 15, 1990) (Ferko, Arb.) (hereinafter "Arb.").
 
 
 6
 The union filed a grievance on behalf of Miller pursuant to its collective bargaining agreement with the DOJ. When the parties were unable to settle the matter, the grievance was submitted to arbitration. A hearing was held on September 27, 1989, at which Lieutenant Klopf and Miller both testified. After considering the evidence, the arbitrator found that Klopf had "harass[ed], intimidate[d], restrain[ed], coerce[d], threat[ened], and/or demonstrated acts of reprisal against Officer Samuel L. Miller because of his medical concern." Arb. 13. The arbitrator thus concluded that the agency had violated a provision in the parties' collective bargaining agreement granting employees "adequate time between shifts to take care of personal affairs." Arb. 14, 15 (quoting Article 18, Section B, of the collective bargaining agreement). As a remedy, the arbitrator ordered the DOJ to (1) prepare a letter of reprimand citing Klopf for failure to look after Miller's medical concerns, (2) give Klopf a copy of the letter and place a copy in his personnel file for one year, (3) give Miller a copy of the letter of reprimand, (4) apologize to Miller in writing, and (5) ensure that Klopf take a class in "sensitivity training." Arb. 20-21.
 
 
 7
 The DOJ filed timely exceptions to the award, pursuant to 5 U.S.C. § 7122(a) (1988) (authorizing the FLRA to determine whether an arbitral award is "deficient (1) because it is contrary to any law, rule, or regulation; or (2) on other grounds similar to those applied by Federal courts in private sector labor-management relations"). The FLRA set aside the portion of the arbitrator's award that required the DOJ to provide Miller with a copy of the letter of reprimand, but otherwise upheld the award. United States Dep't of Justice, 39 F.L.R.A. at 1289.
 
 
 8
 The Authority found that the "portion of the remedy requiring the Agency to issue a written apology to the grievant was responsive to the issues framed by the Arbitrator and was within the Arbitrator's authority to award to the grievant." Id. at 1296. The Authority further rejected numerous claims by the DOJ that the arbitrator's award requiring the issuance of a letter of reprimand to Lieutenant Klopf was unlawful because it interfered with management's right to discipline employees and intruded on the rights of nonunit personnel. The Authority's short answer to these contentions was as follows:
 
 
 9
 We find that the Arbitrator's remedy in this case was designed to correct the effects of the Agency's violation of the parties' collective bargaining agreement on the grievant's conditions of employment. Having found that the grievant was harmed by the Agency's violation of the parties' collective bargaining agreement, the Arbitrator properly fashioned a remedy designed to correct the effects of that violation.
 
 
 10
 Id. at 1299.
 
 
 11
 Finally, the Authority rejected the DOJ's claim that supervisory discipline is a remedy not contemplated by the collective bargaining agreement, and thus a remedy that fails to draw its "essence" from the parties' collective bargaining agreement. See United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (ruling that an arbitral award is legitimate "only so long as it draws its essence from the collective bargaining agreement"). The Authority noted that the agency had failed to establish that the remedy was not based on a "plausible or rational" interpretation of the collective bargaining agreement. 39 F.L.R.A. at 1301-02 (referring to four-part test from United States Dep't of the Air Force and American Fed'n of Gov't Employees, 35 F.L.R.A. 1267, 1270-71 (1990)).[1]
 
 II. ANALYSIS
 
 12
 Our jurisdiction to review orders of the FLRA is prescribed in section 7123(a) of the FSLMRS, which provides that "[a]ny person aggrieved by any final order of the Authority other than an order under (1) section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice ... may ... institute an action for judicial review of the Authority's order." 5 U.S.C. § 7123(a) (1988) (emphasis added). Not surprisingly, the courts have applied section 7123(a)(1) as written, i.e., to preclude judicial review of an FLRA decision concerning an arbitral award, except when the award involves an unfair labor practice. See Griffith v. FLRA, 842 F.2d 487, 490-91 (D.C.Cir.1988); Overseas Educ. Ass'n v. FLRA, 824 F.2d 61, 63 (D.C.Cir.1987); Philadelphia Metal Trades Council v. FLRA, 963 F.2d 38, 40 (3d Cir.1992); American Fed'n of Gov't Employees, Local 916 v. FLRA, 951 F.2d 276, 277 (10th Cir.1991); United States Dep't of Justice v. FLRA, 792 F.2d 25, 28 (2nd Cir.1986); Tonetti v. FLRA, 776 F.2d 929, 931 (11th Cir.1985) (per curiam); United States Marshals Serv. v. FLRA, 708 F.2d 1417, 1420 (9th Cir.1983); American Fed'n of Gov't Employees, Local 1923 v. FLRA, 675 F.2d 612, 613 (4th Cir.1982). Because the instant dispute does not involve an unfair labor practice, our jurisdiction is flatly foreclosed by section 7123(a)(1).
 
 
 13
 The only possible basis for jurisdiction for this court to entertain the DOJ's petition for review would be pursuant to the Kyne exception. In Leedom v. Kyne, the Supreme Court held that a district court had jurisdiction to strike down a certification decision of the National Labor Relations Board ("NLRB" or "Board"), despite a provision in the National Labor Relations Act ("NLRA" or "Act") precluding review, because the Board had acted "in excess of its delegated powers and contrary to a specific prohibition in the Act." 358 U.S. at 188, 79 S.Ct. at 184. The Court in Kyne carefully delineated the extraordinary circumstances that warranted its finding of jurisdiction, noting that the Board's decision violated a "clear and mandatory" provision of the Act, and characterizing the Board's action as "an attempted exercise of power that had been specifically withheld." Id. at 188, 189, 79 S.Ct. at 184, 184. Subsequent decisions from the Supreme Court and from this circuit have emphasized the very limited scope of the Kyne exception. See, e.g., Boire v. Greyhound Corp., 376 U.S. 473, 479, 481, 84 S.Ct. 894, 897, 898, 11 L.Ed.2d 849 (1964) (describing Kyne as a case "characterized by extraordinary circumstances," and the exception as "a narrow one"); Hartz Mountain Corp. v. Dotson, 727 F.2d 1308, 1312 (D.C.Cir.1984) (describing the Kyne exception as "extraordinarily narrow").
 
 
 14
 It is thus clear under established case law that, to establish jurisdiction under the Kyne exception, a petitioner must be able to "identify a specific provision of the Act which, although it is 'clear and mandatory,' ... has nevertheless been violated by the Board." Physicians Nat'l House Staff Ass'n v. Fanning, 642 F.2d 492, 496 (D.C.Cir.1980) (en banc) (quoting Kyne, 358 U.S. at 188, 79 S.Ct. at 184), cert. denied, 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981); Council of Prison Locals v. Brewer, 735 F.2d 1497, 1501 (D.C.Cir.1984) (applying same rule to a petitioner asking for review of an order of the Federal Service Impasses Panel); see also Dart v. United States, 848 F.2d 217, 222 (D.C.Cir.1988) (opining that Kyne jurisdiction may be found when agency action "on its face" violates a statute, citing Oestereich v. Selective Serv. Sys., 393 U.S. 233, 238 n. 7, 89 S.Ct. 414, 417 n. 7, 21 L.Ed.2d 402 (1968)); United Food & Commercial Workers, Local 400 v. NLRB, 694 F.2d 276, 278 (D.C.Cir.1982) (requiring petitioners to show that the Board "disregarded a specific and unambiguous statutory directive"); Hartz Mountain, 727 F.2d at 1311 (quoting II THE DEVELOPING LABOR LAW 1716 (C. Morris ed., 2d ed. 1983) for the proposition that the Kyne exception is limited "to instances where the error of the Board is patently an incorrect construction of the Act").
 
 
 15
 This court has declined to extend the Kyne exception to cases in which the FLRA may have made an error of fact or law in an order that is otherwise unreviewable under the Statute. In Griffith, for example, the FLRA's order had set aside an arbitral award of a retroactive pay increase, ruling that the grievant had failed to establish his claim under the Back Pay Act because he had failed to establish "but for" causation. The grievant petitioned this court for review, claiming that the FLRA erred as a matter of law in its construction of the Back Pay Act. 842 F.2d at 489-90. We found that the alleged error in the FLRA's interpretation of the elements of a Back Pay Act claim "differ[ed] both in kind and in severity from the essentially jurisdictional error asserted in Kyne." Id. at 494. At the most, the Authority may have "fail[ed] to capture some marginal nuance of the Back Pay Act." Id. The court held that this type of "garden-variety" error of law is not sufficient to bring the Authority's order within the narrow boundaries of the Kyne exception, which is designed to address agency error "so extreme that one may view it as jurisdictional or nearly so." Id. at 493. See also Physicians Nat'l House Staff Ass'n, 642 F.2d at 496 (noting that "an error of fact or law is insufficient; the Board must have acted without statutory authority").
 
 
 16
 Despite the nearly insurmountable limitations on Kyne jurisdiction, the DOJ asks us to review the FLRA's order affirming the arbitral award. The DOJ asserts that the arbitrator exceeded his authority when he ordered the agency to put a letter of reprimand in Lieutenant Klopf's file, and that the FLRA erred in upholding an arbitral award that is inconsistent with the FSLMRS, that fails to draw its essence from the collective bargaining agreement, and that abrogates the due process rights of supervisors. According to the DOJ, the FLRA's error was so extreme that it can be viewed as the type of jurisdictional or facial error that falls with the narrow bounds of the Kyne exception.
 
 
 17
 We disagree with the agency's characterization of the Authority's alleged error. There is no specific provision in the FSLMRS that, in clear and mandatory terms, prohibits an arbitrator from ordering an agency to discipline a supervisor, or that prohibits the Authority from affirming an arbitral award that mandates supervisory discipline.[2] See Physicians Nat'l House Staff Ass'n, 642 F.2d at 496; Council of Prison Locals, 735 F.2d at 1501. Nor is there a specific provision in the Statute that unambiguously reserves matters of supervisory discipline solely to the agency's prerogative, and specifically withholds those matters from an arbitrator's jurisdiction.[3] See Kyne, 358 U.S. at 189, 79 S.Ct. at 184. Without such specific, clear and mandatory provisions in the FSLMRS, we cannot say that the Authority's order was a facial violation or a patent misconstruction of the Statute.
 
 
 18
 The DOJ would also have us find that the Authority erred as a matter of law when it found that the arbitrator's award failed to draw its essence from the collective bargaining agreement. To find that the Authority committed such an error would require us to enter the fray of arbitral review provided by section 7122(a) of the Statute. This we may not do because of the statutory preclusion found in section 7123(a)(1). As we noted in Griffith, this preclusion includes even those cases in which the FLRA has made garden-variety errors of law or fact when reviewing an arbitral award under section 7122(a). See 842 F.2d at 493-94. In short, it is not the business of the courts to second-guess arbitral judgments that fall within the compass of section 7123(a)(1).
 
 
 19
 Additionally, at oral argument, the agency expressed concern that the FLRA's decision on the merits of the arbitral award is a final determination that will have a binding effect on the agency and the supervisor in future proceedings. Counsel for the DOJ speculated that the supervisor might be foreclosed from contesting the discipline under applicable agency grievance procedures.[4] In other words, the DOJ voiced concern that the supervisor might be bound by a determination made in an arbitral proceeding to which he was not a party. The DOJ's counsel also expressed concern that, if the agency permits the supervisor to contest the disciplinary action, and the action is found unwarranted, then the agency would be in the awkward position of having to defy the FLRA by refusing to carry out the arbitral award. Thus, the DOJ posited that agencies will be subjected to "conflicting decrees and obligations" if we allow arbitrators to order agencies to discipline their supervisors.
 
 
 20
 There is a simple answer to both of the agency's concerns: the FLRA has no authority to decide whether sanctions taken against a supervisor are meritorious. The supervisor is free to challenge the disciplinary action through any applicable grievance system. Thus, the decision of the FLRA in upholding an arbitral award in which an employer is instructed to reprimand a supervisor has no preclusive effect in any subsequent action that may be brought by the supervisor to challenge that discipline. A supervisor disciplined pursuant to an arbitral award has the same right to challenge the discipline taken against him as if the agency had imposed that discipline absent arbitration.
 
 III. CONCLUSION
 
 21
 For the foregoing reasons, we dismiss the agency's petition for review.
 
 
 22
 So ordered.
 
 
 
 [1]
 The FLRA has held that, in order to find that an arbitral award is deficient because it fails to draw its essence from a collective bargaining agreement, the party making the allegation must show that the award "(1) cannot in any rational way be derived from the agreement; or (2) is so unfounded in reason and fact, and so unconnected with the wording and the purpose of the agreement as to manifest an infidelity to the obligation of the arbitrator; or (3) evidences a manifest disregard for the agreement; or (4) does not represent a plausible interpretation of the agreement." 39 F.L.R.A. at 1296
 
 
 [2]
 The structure of the FSLMRS, and prior case law in the FLRA and this circuit, suggest that the opposite is true. The FSLMRS does not condition or limit an arbitrator's power to design remedies. See generally 5 U.S.C. § 7121 (1988). The FLRA's review of arbitration is limited by statute, see 5 U.S.C. § 7122(a) (1988), and the Authority has consistently recognized that arbitrators have "great latitude in fashioning remedies." See, e.g., Department of the Air Force and American Fed'n of Gov't Employees, 25 F.L.R.A. 969, 971 (1987). This court has also recognized the importance of arbitration to the scheme established by the FSLMRS, and accords "extremely limited" review to even those arbitral awards that it has jurisdiction to review. Devine v. White, 697 F.2d 421, 436 (D.C.Cir.1983) (relying on Steelworkers, 363 U.S. at 597, 80 S.Ct. at 1361)
 
 
 [3]
 As the Authority noted in its decision, supervisors are not employees for the purposes of 5 U.S.C. § 7106(a)(2)(A) (1988). See 39 F.L.R.A. at 1298
 
 
 [4]
 Each agency is required, by regulation, to establish an agency grievance system for nonbargaining unit employees such as supervisors. 5 C.F.R. § 771 (1992). In addition, supervisors have the right to a hearing before being suspended for fourteen days or less, 5 U.S.C. § 7503 (1988), and the right to an appeal before more serious disciplinary action is taken. 5 U.S.C. §§ 7512, 7513 (1988)