UNITED STATES AIR FORCE; Air Force Logistics Command; Aerospace Guidance and Metrology Center, Newark, Ohio, Petitioners,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 80–3798.

United States Court of Appeals, Sixth Circuit.

Argued May 20, 1982.

Decided June 23, 1982.

William Kanter, Katherine Gruenheck, Russell L. Caplan, Marc Richman, Appellate Staff, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for petitioners.

Robert J. Freehling, Sol., Federal Labor Relations Authority, Mary Elizabeth Medaglia, Dawn D. Bennett-Alexander, Washington, D. C., for respondent.

Before KENNEDY and MARTIN, Circuit Judges, and GUY,* District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Petitioner, the United States Air Force Logistics Command, Aerospace Guidance and Metrology Center of Newark, Ohio seeks review of the decision and order of the Federal Labor Relations Authority finding it to have committed an unfair labor practice in violation of sections 7116(a)(5) and (1) of the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 *et seq.* (Supp. III 1979). In its order, the FLRA overruled the administrative law judge and held that petitioner had failed to give the union, the American Federation of Government Employees, adequate notice of a reorganization of its Directorate of Meteorology. The FLRA seeks enforcement of its order directing petitioner to cease and desist from this unfair labor practice. We decline to grant that enforcement.

The FLRA is an independent agency within the Executive Branch whose function is analogous to that of the National Labor Relations Board under the National Labor Relations Act, 29 U.S.C. § 151 (1976). In addition to responsibility with respect to unfair labor practices, Congress has entrusted to the FLRA, among other things,

---

* Honorable Ralph B. Guy, Jr., District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

the power to determine appropriate units for labor organization representation, conduct representation elections, decide issues relating to the statutory duty to bargain in good faith, and rule on exceptions to arbitrators' awards. 5 U.S.C. § 7105(a)(2)(A), (B), (E), and (H), respectively. The FLRA is further empowered to take such other legislative actions as are necessary and appropriate to administer effectively the statute's provisions. 5 U.S.C. § 7105(a)(2)(I).

As in the case of the National Labor Relations Act, our standard of review under the statute is narrow. The court in *National Federation of Federal Employees v. FLRA*, 652 F.2d 191 (D.C.Cir.1981) recently outlined the appropriate standard:

> The [statute] provides that judicial review of FLRA decisions "shall be on the record in accordance with section 706 [of Title V]." 5 U.S.C. § 7123(c). Section 706, in turn, declares that agency action shall be set aside if found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). This section has been interpreted on countless occasions as requiring the court to give deference to an agency's interpretation of its enabling statute, especially "when the administrative practice at stake 'involves a contemporaneous construction of a statute by the [agency] charged with the responsibility of setting its machinery in motion, of making the parts work efficiently and smoothly while they are yet untried and new.'" *Power Reactor Development Co. v. Int'l Union of Electrical, Radio & Machine Workers*, 367 U.S. 396, 408, 81 S.Ct. 1529, 1535, 6 L.Ed.2d 924 (1961), *quoting Norwegian Nitrogen Products Co. v. United States*, 288 U.S. 294, 315, 53 S.Ct. 350, 358, 77 L.Ed. 796 (1933). *See also Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Kyle v. ICC*, 609 F.2d 540, 542–43 (D.C.Cir.1979). We are, therefore, normally "bound by the 'principle that the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong.'" *Miller v. Youak-*

*im*, 440 U.S. 125, 145 n.25, 99 S.Ct. 957, 969, n.25, 59 L.Ed.2d 194 (1979), *quoting Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969).

*Id.* at 193

Here the "compelling indication" that something is wrong with the FLRA's decision revolves around an important contradiction between the facts of this case as the Authority has found them and its determination that petitioner violated the statute.

The facts here are simple. Petitioner held a meeting to announce and discuss its intention to reorganize the Directorate of Metrology. In attendance was Clem Price, the only union steward in this department. As steward, it was Price's responsibility to receive notice from the petitioner of changes in personnel policies, practices, and working conditions in the Directorate and to otherwise act as the union's point man within the department.

Immediately after the meeting, Price requested and was granted permission to review the entire reorganization plan. The plan accurately disclosed which positions were affected by the plan, identified the positions to be established in the reorganized version of the Directorate and specifically showed which positions would be abolished. As he indicated in his testimony at the administrative hearing, Price found no problem with the reorganization as proposed and so determined that it was not necessary to take any action on behalf of the union. Consequently, the plan was implemented without the union interposing a request to bargain regarding the plan. Such a request could have been predicated on sections 7106(b)(2) and (3) of the statute which provide that a labor union may negotiate over the procedures to be used by management in exercising management rights and the appropriate arrangements for employees adversely affected by the exercise of such rights.

Subsequently an employee who was adversely affected by the reorganization complained to Price, who, after reviewing the

plan a second time, asked the union to file an unfair labor practice charge on the ground that it had not been given an opportunity to negotiate as to the procedure involved in the reorganization and its impact on employees. After an administrative hearing, a recommendation that the complaint filed by the union be dismissed was entered. The administrative law judge found that Price, as the union steward, was the appropriate union official for the petitioner to notify, that he was adequately notified before implementation of the change but that the union failed to request negotiations or to seek additional time in which to study the plan.

The case then went to the FLRA which, after adopting most of the administrative law judge's conclusions, refused to adopt his recommendation. Instead, the Authority held that petitioner was guilty of committing an unfair labor practice because it had failed to give appropriate notice to Union Steward Price or another union official *"as a union representative"* and thereby *"impeded the ability of the Union to perform as an equal partner with . . . management"* (emphasis in original). This was held to have constituted a failure to perform a "mutual obligation" to consult and bargain in good faith under 5 U.S.C. § 7103(12), and thus to have violated the agency's obligation to consult in good faith, as required by 5 U.S.C. § 7116(a)(1) and (5).

The Authority ordered petitioner to cease and desist from such conduct. Nevertheless, bargaining over the reorganization was not ordered because the Authority found that the union had actual knowledge of the reorganization and failed to seek negotiation. Instead, the Authority ordered the agency to post a notice at the work site which states that (1) the agency will not fail to provide appropriate advance notice of planned changes in conditions of employment to the employees' union representative, and (2) the agency will not interfere with, restrain, or coerce employees in the exercise of their rights under the statute.

The FLRA's resolution of this case is self-contradictory. On the one hand it finds the union to have received actual notice through Price, but on the other it determines that petitioner violated the statute because that actual notice was not delivered to Price in his role as a union representative. We fail to see how Price, in his role as a human being, could not receive actual notice as an employee and formal notice as a union steward by his singular attendance at the reorganization meeting. Labor statutes such as the one at issue here are designed, in part, to smooth labor-management relations by providing informal mechanisms to guide the operation of the workplace and the resolution of disputes. The Authority's decision appears to interject needless formality into that process. It seems to require that union officials be specifically addressed according to the role, employee or union representative, to which the speaker's message pertains. That could hardly have been the result intended. This panel is of the opinion that the fault with the FLRA's decision lies not so much in what it seeks to accomplish but in the forum in which it has chosen to do so.

The true issue here centers on the respect each party must grant the other in order to effectuate the balance of power sought to be established by the statute. That legislative act has granted specific powers to both labor and management but unless the parties work together in good faith that balance will not be achieved. The resulting inequities will only increase infighting, thereby reducing the efficiency of the workplace. It appears to us that the FLRA is attempting here to fine tune the notice requirement under the statute in an effort to discourage management from slipping policy changes by the union before it can act. Yet this is not the proper forum to undertake delicate modifications of the regulatory scheme. Here we must decide whether the petitioner did or did not violate the act. That task is rendered farcical where the charging party takes both sides on the resolution of the ultimate factual question, here notice. As noted earlier, the Authority has the power under the statute to issue regulations and policy statements. 5 U.S.C. § 7105(a)(2)(I). We suggest that

the problem sought to be rectified here is better addressed via that process.

The Federal Labor Relations Authority's petition for enforcement is denied.