Liney NEAL, Petitioner,

v.

Donald REGAN, the Secretary of the Treasury of the United States, Respondent.

Liney NEAL, Petitioner,

v.

Rosco EGGER, Commissioner of the Internal Revenue Service; James D. Crocker, Agent; Sullivan Young, Agent, Respondents.

Civ. No. 83-635, H83-512.

United States District Court, N.D. Indiana, Hammond Division.

July 12, 1984.

Liney Neal, Gary, Ind., pro se.

R. Lawrence Steele, U.S. Atty., Hammond, Ind., for respondents.

## MEMORANDUM and ORDER

MOODY, District Judge.

These two causes are before the Court on motions to Dismiss or for Summary Judgment filed by the respective respondents.[1] Because the actions are brought by the same petitioner and arise out of the same operative facts, the Court has elected to address the respondents' motions in a single Order.

Both actions were initiated by the filing of a Petition for Writ of Mandamus and both actions invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1361. 28 U.S.C. § 1361 provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The respondents in both actions are officers or employees of the United States: The respondent in Cause No. H 83–635 is Secretary of the Treasury Donald Regan; the respondents in Cause No. H 83–512 are all officers or agents of the Internal Revenue Service. All respondents are named in their official capacities.

In Cause No. H 83–512 petitioner seeks a writ of mandamus compelling the respondents to return a penalty assessed against him by the Internal Revenue Service. The penalty was assessed pursuant to 26 U.S.C. § 6702, which allows assessment of a $500 penalty against one filing a frivolous tax

---

**1.** Petitioner has also filed four Motions for Summary Judgment, three in Cause No. H83–635 and one in Cause No. H83–512.

return. The penalty was assessed against the petitioner for a 1982 joint return which he filed with his wife. On line 7 of the return, which requires entry of "wages, salaries, tips, etc.", petitioner placed an asterisk; the asterisk directed the examiner to an attached affidavit. The affidavit was a declaration that neither petitioner nor his wife had taxable income for the year 1982. The affidavit was based upon petitioner's contention that wages do not represent taxable income; according to petitioner, wages are not taxable income because they are the result of a nonprofitable exchange of services for compensation.

The Internal Revenue Service found petitioner's return to be a frivolous return within the compass of 26 U.S.C. § 6702, and assessed a penalty therefor. Petitioner paid a portion of the penalty and then filed a claim for a refund; when the refund claim was denied, petitioner instituted these actions.

Cause No. H83–512 requests a writ of mandamus directing refund of the penalty; petitioner contends that the penalty was assessed without due process in the form of a jury trial. The petition in Cause No. H83–635 requests that this Court order respondent Regan to (1) "deliver and serve the assessment for *1982*", (2) "cancel any and all claims, judgments [sic] of interest and penalties for alleged tax not yet determined", and (3) comply with the provisions of 26 U.S.C. § 6201, § 6202 and § 6203.[2] Request number one is based on a misunderstanding: Petitioner believes that the penalty was assessed for the tax year 1983; it was not. It was assessed for a frivolous return which was filed in 1983 encompassing tax year 1982. Therefore, petitioner's first request is moot; only his second and third requests will be addressed in this Order.

**2.** 26 U.S.C. § 6201 empowers the Secretary of the Treasury to determine and assess all taxes imposed by Title 26 of the United States Code. 26 U.S.C. § 6202 and § 6203 empower the Secretary to establish methods for making such assessments.

**3.** Petitioner at one time had a third action, Cause No. H83–614, seeking a writ of manda-

Both Motions to Dismiss request that the respective actions to which they are addressed be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

■ Mandamus is a drastic remedy which is only appropriate in extraordinary circumstances. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); 55 *C.J.S.* "Mandamus" §§ 1–6. The Supreme Court has held that a party seeking issuance of mandamus must "satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable." ' " 449 U.S. at 35, 101 S.Ct. at 190; *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943); *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383–385, 74 S.Ct. 145, 148–149, 98 L.Ed. 106 (1953). To satisfy this burden a petitioner must establish the existence of three elements: (1) The petitioner has a clear right to the relief sought; (2) The relief sought is the respondent's performance of a plainly defined, peremptory and ministerial duty; and (3) No alternate, adequate remedy exists. *Vishnevsky v. United States*, 581 F.2d 1249, 1253 (7th Cir., 1978); *City of Highland Park v. Train*, 519 F.2d 681, 691 (7th Cir., 1975), cert. denied 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976).

■ Application of this standard to the petition in Cause No. H83–512 reveals that petitioner has failed to state a claim upon which relief can be granted. None of the criteria for mandamus exist. It is far from clear that petitioner has a right to refund of the penalty. Nor is refund of such a penalty a ministerial act toward which mandamus is appropriately directed. *See Vishnevsky v. United States*, 581 F.2d

mus addressed to these same circumstances. Two of the respondents in Cause No. H83–512 were named as the respondents in Cause No. H83–614. Another division of this Court dismissed Cause No. H83–614 on March 26, 1984 pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

1249, 1253 (7th Cir., 1978) (mandamus appropriate to compel refund of already-determined tax overpayment). Finally, petitioner had an alternate remedy: 26 U.S.C. § 6703(c) permits a taxpayer against whom a penalty has been assessed to bring an action for refund in the appropriate federal district court.

Despite petitioner's failure to state a cognizable claim for mandamus, the Court will consider the merits of the contentions presented in Cause No. H83–512. Specifically, the Court will construe the petition as a claim for refund under 26 U.S.C. § 6703.[4] However, the Court finds that the petitioner has failed to state a claim for such a refund.

Petitioner asserts that the penalty was improperly assessed; he asserts two areas of impropriety. The first is explicit in his petition and motion for summary judgment and that due process requires that a penalty cannot be assessed without a jury trial of the issue. Petitioner cites the Seventh Amendment to the United States Constitution as his authority for this proposition. The second assertion of impropriety, implicit in all petitioner's pleadings, is that his was not a frivolous return warranting a penalty.

■ This action is one of the first actions filed in this district challenging imposition of a penalty under 26 U.S.C. § 6702; it is perhaps the most direct challenge that has been filed here. Therefore, the Court will address it with some care. 26 U.S.C. § 6702 was added to the Internal Revenue Code in 1982, by § 326(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248. The legislative history of the provision indicates that it was enacted to deal with the "rapid growth in deliberate defiance of the tax laws by tax protesters." *1982 U.S.Code Cong. & Adm. News* 781 at 1023; S.Rep. No. 494, 97th Cong., 2d Sess. at 277. Congress was concerned that such protestors were playing the "audit lottery", gambling that "it may take several years of administrative and judicial proceedings before any penalty is imposed." *1982 U.S.Code Cong. & Adm. News* at 1023–1024. Congress' response was 26 U.S.C. § 6702, intended to create "an immediately assessable penalty on the filing of protest returns [to] help deter the filing of such returns, and [to] demonstrate the determination of the Congress to maintain the integrity of the income tax system." *Id.* at 1024. The legislative history of the provision makes it clear that the penalty was not intended for "innocent or inadvertent mathematical or clerical errors." *Id.* It is equally clear when the penalty is to be imposed:

> [T]he penalty ... is immediately assessable against any individual who files ... a Form 1040 ... which contains altered or incorrect descriptions of line items ... Such purported 'returns' are clearly not designed to inform the Secretary of the filer's income and are not in processible form. The penalty will be immediately assessable against any individual filing a 'return' in which many or all of the line items are not filled in except for references to spurious constitutional objections. Furthermore, the penalty is available against any individual filing a purported return in which insufficient information to calculate the tax or where the information given is clearly inconsistent....

*Id.;* S.Rep. No. 494, 97th Cong., 2d Sess. at 278.

Legislative history establishes that the district court's review of a penalty assessment "is merely a determination of whether the penalty ... was properly imposed." *1982 U.S.Code Cong. & Adm.News* at 1025.

The penalty in this instance was properly imposed: Petitioner's conduct is almost

---

4. Petitioner's administrative claim for refund was denied on July 25, 1983. 26 U.S.C. § 6703 requires that an action for refund in federal court must be commenced "within 30 days after the day on which [a] claim for refund ... of any penalty under section ... 6702 is denied." The petition in Cause No. H83–512 was filed on August 23, 1983, within the period allowed under 26 U.S.C. § 6703. The Court finds that petitioner's compliance with the limitations period of 26 U.S.C. § 6703 is an inferential indication of his desire to pursue a claim for refund, and will treat this action as such a claim.

identical to that described in one of the scenarios quoted from the legislative history of 26 U.S.C. § 6702. He left line 7 of the return blank, justifying the omission with a lengthy affidavit presenting ersatz constitutional arguments as to why wages are income. It is, of course, clear that wages are income. *United States v. Koliboski*, 732 F.2d 1328, 1329 n. 1 (7th Cir., 1984); ("WAGES ARE INCOME.") *See also Brooks v. Commissioner*, 40 T.C.M. [CCH] 483 (1980) and *United States v. May*, 555 F.Supp. 1008, 1009 (E.D.Mich., 1983). More important, it is clear that petitioner's omission of his 1982 wages from line 7 of the return was neither innocent nor inadvertent. Petitioner's 1982 W–2 Forms show that he earned wages in excess of $32,000 for that year. Petitioner's omission of this sum from line 7 was based upon his ideological position that wages are not income; it is exactly such ideological rationales, and conduct based thereon, that 26 U.S.C. § 6702 was intended to reach. The penalty was properly imposed; petitioner has no cognizable claim for a refund of that penalty.

■ Petitioner's primary argument for refund of the penalty is that it was assessed without due process; petitioner asserts that due process required a jury trial on the issue. This is not correct. There is no right to a jury trial on the issue of assessing a penalty under the Internal Revenue Code. *Lonsdale v. C.I.R.*, 661 F.2d 71 (5th Cir., 1981); *Olshausen v. C.I.R.*, 273 F.2d 23 (7th Cir., 1960), cert. denied 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517; *C.W. Matthews Contracting Co., Inc. v. South Carolina Tax Commission*, 267 S.C. 548, 230 S.E.2d 223 (1976); *See also Riley v. Commissioner*, 566 F.Supp. 21 (S.D. Ohio, 1983).

Such a requirement would be completely antithetical to the policy goals which 26 U.S.C. § 6207 was intended to achieve. And in enacting 26 U.S.C. § 6207 Congress created a process by which the object of a penalty assessment could pursue a claim for refund, both administratively and judicially. 26 U.S.C. § 6703. The Supreme Court has held that this is sufficient to meet the requirements of due process.

*Bob Jones University v. Simon*, 416 U.S. 725, 746–748, 94 S.Ct. 2038, 2050–2052, 40 L.Ed.2d 496 (1974); *Dodge v. Osborn*, 240 U.S. 118, 122, 36 S.Ct. 275, 276, 60 L.Ed. 557 (1916).

For all the above reasons the petition in Cause No. H83–512 fails to state a claim upon which relief can be granted; therefore, that action will be dismissed.

The Court also finds that Cause No. H83–635 must be dismissed for failure to state a claim upon which relief can be granted. The petition in Cause No. H83–635 seeks mandamus to compel respondent Regan to comply with statutory provisions concerning the assessment of taxes and to "cancel ... penalties for ... tax not yet determined." The petition is fatally defective in that, given even the most charitable construction, it does not establish that it seeks performance of a plainly defined, peremptory and ministerial duty.

■ Mandamus is only appropriate when the act to be performed is ministerial; a ministerial act is one in which "the law prescribes and defines the duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment." 55 *C.J.S.* "Mandamus" § 132; *Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir., 1978). The federal mandamus statute, 28 U.S.C. § 1361, does not grant the district courts jurisdiction to order performance of acts requiring the exercise of discretion. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 701 (7th Cir., 1976). A petition requesting mandamus to compel performance of a discretionary act must be dismissed for failure to state a claim, pursuant to Rule 12(b)(6). *Jafree v. Barber*, 689 F.2d 640, 642–647 (7th Cir., 1982). It is clear that the acts which petitioner wishes to compel performance of are clearly discretionary. This conclusion is inescapable, even assuming that one lends credence, for the sake of argument, to the request regarding penalties for tax not determined. Because the petition in Cause No. H 83–635 seeks to compel performance of discretionary duties it does not state a claim upon

which relief can be granted, and must be dismissed pursuant to Rule 12(b)(6).

It is, therefore, ORDERED that respondent's Motion to Dismiss Cause No. H83–512 be and the same is hereby GRANTED; Cause No. H83–512 is DISMISSED WITH PREJUDICE.

It is FURTHER ORDERED that petitioner's Motion for Summary Judgment in Cause No. H83–512 be and the same is hereby DENIED.

It is ORDERED that respondent Regan's Motion to Dismiss Cause No. H83–635 be and the same is hereby GRANTED; Cause No. H83–635 is DISMISSED WITH PREJUDICE.

It is, finally, ORDERED that petitioner's three Motions for Summary Judgment in Cause No. H83–635 be and the same are hereby DENIED.