**NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES,**
Plaintiff,

v.

**FEDERAL LABOR RELATIONS AUTHORITY, et al.,**
Defendants.

Civ. A. No. 2:93cv83.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 29, 1993.

Neil C. Bonney, M. Jefferson Euchler, Neil C. Bonney & Associates, Virginia Beach, VA, for National Ass'n of Government Employees.

William R. Tobey, Deputy Sol., Federal Labor Relations Authority, Washington, DC, for Federal Labor Relations Authority, et al.

## ORDER

DOUMAR, District Judge.

This matter came before the court on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment filed January 4, 1993, and Plaintiff's Motion for Summary Judgment filed February 4, 1993. This court referred the case to a United States Magistrate Judge by order of March 17, 1993, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), for a report and recommendation concerning defendant's motion for summary judgment.

The magistrate judge filed his report and recommendation on April 6, 1993, recommending that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be granted, and Plaintiff's Motion for Summary Judgment be dismissed.

Plaintiff timely filed its objections to the Magistrate Judge's Report and Recommendation on April 14, 1993. Upon a *de novo* review of those portions of the report and recommendation to which plaintiff objects, this court hereby adopts and approves in full the findings and recommendation set forth in the Magistrate Judge's Report and Recommendation filed April 6, 1993.

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment be DENIED; Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be GRANTED; and that this action be DISMISSED with prejudice.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

PRINCE, United States Magistrate Judge.

### Order of Designation

United States District Judge Robert G. Doumar, by an Order entered March 17, 1993, designated the undersigned Magistrate Judge to conduct a hearing and to submit to a judge of the Court proposed recommendations for disposition by the judge of the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment filed January 4, 1993; and the plaintiff's Motion for Summary Judgment filed February 4, 1993.

A hearing was held on March 18, 1993, at which plaintiff was represented by Neil C. Bonney and M. Jefferson Euchler, Esquires; and William R. Tobey, Esquire, appeared on behalf of defendant.

### Nature of the Case

This is an action arising out of a claim for declaratory relief and mandamus. Plaintiff, National Association of Government Employees ("the Union"), the exclusive bargaining representative of federal employees, seeks a declaration that the defendant, Federal Labor Relations Authority ("the Authority"), has a statutory duty to resolve exceptions to arbitral awards, that they have failed to meet their duty, and that this failure also violates the Back Pay Act, 5 U.S.C. § 5596 (1986), and the Union's right to due process of law. The Union further requests the issuance of a writ of mandamus directing the Authority to fulfill their duty by remanding two cases back to arbitrators for decision. The Authority counters that this Court lacks jurisdiction to review its decisions in the two cases because such review is specifically precluded under § 7122 of the Federal Service Labor–Management Relations Statute, as amended, 5 U.S.C. §§ 7101–7135 (1988).

### Background

The Federal Service Labor–Management Relations Statute, Title VII of the Civil Service Reform Act of 1978, 5 U.S.C. § 7101 *et seq.* ("the Statute"), created a statutory scheme governing labor relations between federal agencies and their employees. The

Statute created the Federal Labor Relations Authority, a three-member independent and bipartisan body within the Executive Branch. 5 U.S.C. § 7104. The Authority's function in the public sector is analogous to the role of the National Labor Relations Board in the private sector. *Dept. of Air Force v. Fed. Labor Relations Auth.*, 775 F.2d 727, 731 (6th Cir.1985) (citing *Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 92–93, 104 S.Ct. 439, 442, 78 L.Ed.2d 195 (1983); *United States Air Force v. Federal Labor Relations Authority*, 681 F.2d 466, 466 (6th Cir.1982)).

██ The Statute requires federal agencies and unions representing federal employees to bargain over terms and conditions of employment. Section 7121 of the Statute directs that "any collective bargaining agreement shall provide procedures for the settlement of grievances." Grievances not satisfactorily settled under the negotiated scheme may be submitted to binding arbitration by either party. 5 U.S.C. § 7121(b)(3)(C); *American Federation of Government Employees v. Federal Labor Relations Authority*, 712 F.2d 640, 641 (D.C.Cir.1983). Section 7105 empowers the Authority to, among other things, resolve exceptions to arbitration awards. The procedures and standards by which a party may take exceptions from an arbitration award to the Authority are set forth in section 7122. If no exception to an arbitrator's award is filed during the 30–day period following the date that the award is served on the party, the award shall be final and binding. *Loc. 1928, Am. Fed. of Gov. Emp. v. Fed. Lab. Rel. Auth.*, 630 F.Supp. 947, 949 (D.D.C.1986).

### Facts

On January 4, 1993, defendants filed a statement of material facts, which the plaintiff adopted at the hearing on March 18, 1993. Since the parties agree that this statement accurately reflects the material facts, it will be adopted in this report.

Plaintiff, the Union, is a labor organization pursuant to the definition found in 5 U.S.C. § 7103(a)(4) of the Federal Service Labor-

Management Relations Statute, 5 U.S.C. §§ 7101–7135 (1988) ("the Statute"). Defendant, the Authority, is an independent agency within the executive branch of the federal government, and administers the Statute.

On March 31, 1990, an arbitration award was issued in *Norfolk Naval Shipyard and National Association of Government Employees, Local R4–19*, FMCS Case No. 90–07837.[1] Timely exceptions to this award were filed with the Authority on May 3, 1990 by the Navy pursuant to 5 U.S.C. § 7122. The exceptions were docketed by the Authority as *U.S. Department of the Navy, Norfolk Naval Shipyard, Portsmouth, Virginia and National Association of Government Employees, Local R4–19*, No. 0–AR–1915. On July 13, 1990, the Authority issued its decision setting aside the arbitrator's award in this case. No. 0–AR–1915, 36 F.L.R.A. (No. 39) 304. On July 16, 1990, the Union unilaterally requested that the arbitrator issue a new decision in the case. The arbitrator issued an amended award on July 21, 1990. Timely exceptions to the amended arbitration award were filed by the Navy on July 21, 1990, pursuant to 5 U.S.C. § 7122. The Union then filed an opposition to the agency's exceptions on September 4, 1990, pursuant to 5 C.F.R. § 2425.1(c). The exceptions and opposition were docketed as No. 0–AR–1982. The Authority set aside the amended award on February 15, 1991 in *Norfolk Naval Shipyard*, No. 0–AR–1982, 39 F.L.R.A. (No. 56) 692. On February 27, 1991, the Union requested reconsideration of the Authority's decision pursuant to 5 C.F.R. § 2429.17. The Authority denied reconsideration on March 15, 1991. No. 0–AR–1982, 39 F.L.R.A. (No. 106) 1238.

On July 9, 1991, an arbitration award was issued in *Department of the Army, HQ 5th Inf. Div. (Mech) and Fort Polk and National Association of Government Employees, Local R5–168*, FMCS No. 90–18085, awarding the grievant a retroactive temporary promotion but denying the Union's motion for attorney fees. Timely exceptions to the arbitration award were filed by the Union on

1. The *Norfolk Naval Shipyard* case arose from a grievance regarding the suspension of a shipyard police officer, which was sustained with conditions by the arbitrator.

July 25, 1991 and the Army on August 6, 1991, pursuant to 5 U.S.C. § 7122. Oppositions to the exceptions were filed by the Army on August 23, 1991 and by the Union on September 4, 1991. The exceptions and oppositions were docketed as No. 0–AR–2145. The Authority denied the Army's exceptions and modified the arbitral award to strike the denial of attorney fees on May 29, 1992. 44 F.L.R.A. (No. 121) 1548. On June 5, 1992, the Union filed a request for reconsideration of the Authority's decision pursuant to 5 C.F.R. § 2429.17, requesting that the Authority remand the attorney fee issue back to the arbitrator for a decision consistent with the Authority's ruling. The Authority denied the motion for reconsideration on August 21, 1992.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant contends that plaintiff's complaint must be dismissed pursuant to Rule 12(b)(1) because the court lacks subject matter jurisdiction under the Federal Service Labor–Management Relations Statute, and pursuant to Rule 12(b)(6) because the plaintiff has failed to state a claim upon which relief can be granted, or, in the alternative, pursuant to Rule 56 because the defendant is entitled to judgment as a matter of law. Plaintiff contends that summary judgment should be entered in its favor pursuant to Rule 56, on the grounds that there is no genuine issue as to any material fact, and plaintiff is entitled to judgment as a matter of law.

### The Authority's Rule 12(b)(1) Motion

■ As previously noted, the Authority has moved to dismiss the complaint on the ground that this Court lacks jurisdiction over the subject matter of the complaint. The complaint is based on several provisions of the Federal Service Labor–Management Relations Statute, as amended, 5 U.S.C. § 7101–7135 (1988) ("the Statute"), specifically, § 7105 regarding the powers and duties of the Authority and § 7122 regarding exceptions to arbitral awards. The relevant portion of § 7105(a) provides: "(2) The Authori-

ty shall, ... (H) resolve exceptions to arbitrator's awards under section 7122...." 5 U.S.C. § 7105(a)(2)(H). In addition, the relevant portion of § 7122 provides:

(a) Either party to arbitration under this chapter may file with the Authority an exception to any arbitrator's award pursuant to the arbitration (other than an award relating to a matter described in section 7121(f) of this title). If upon review the Authority finds that the award is deficient—

(1) because it is contrary to any law, rule or regulation; or

(2) on other grounds similar to those applied by Federal courts in private sector labor-management relations;

the Authority *may* take such action and make such recommendations concerning the award as *it* considers necessary, consistent with applicable laws, rules, or regulations.

5 U.S.C. § 7122(a) (emphasis added).

The Authority contends that the plain language of § 7123(a) of the Statute precludes judicial review of Authority decisions on exceptions to arbitrator's awards except in one specified area. The section provides, in pertinent part:

(a) Any person aggrieved by any final order of the Authority *other than an order under*—

(1) *section 7122 of this title (involving an award by an arbitrator)*, unless the order involves an unfair labor practice under section 7118 of this title, ...

may, during the 60–day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals....

5 U.S.C. § 7123(a) (emphasis added).

In reviewing the Authority's interpretation of its own enabling statute, this Court is mindful that great deference is owed to the expertise of the Authority as it "exercises its 'special function of applying the general provisions of the Act to the complexities' of federal labor relations." *Bureau of Alcohol, Tobacco and Firearms v. FLRA*, 464 U.S. 89, 97, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983)

894

(citations omitted). This deference compels reviewing courts to "uphold reasonable and defensible constructions of an agency's enabling act." *Id.* (citations omitted). However, this "deference owed to an expert tribunal cannot be allowed to slip into judicial inertia" nor can this deference be permitted to turn reviewing courts into mere "rubber stamps" for any exercise of agency license. *NLRB Union, Local 6 v. FLRA,* 842 F.2d 483, 486 (D.C.Cir.1988) (citing *id.*); *see also Chemical and Alkali Workers v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971).

In *Griffith v. Federal Labor Relations Authority,* 842 F.2d 487 (D.C.Cir.1988), a case procedurally similar to the present case, the Court of Appeals addressed the scope of Congress' preclusion of judicial review of the Authority's decisions. *Griffith* involved denial of a pay increase which was arbitrated by the National Treasury Employees Union and the Internal Revenue Service, and which resulted in the arbitrator awarding the grievant a retroactive pay increase.

The IRS filed exceptions with the Authority pursuant to 5 U.S.C. § 7122 (1982), and prevailed there. The Authority held that the Back Pay Act authorized retroactive awards of within-grade increases only where there is a finding that "but for" the procedural violation the agency would have viewed the employee's performance as meeting the statutory standard. The Authority held the arbitrator's award to be contrary to the Back Pay Act because he had not made such a finding. Additionally, the Authority held that the "harmful error" standard of 5 U.S.C. § 7701(c) applied only to the appellate procedures of the Merit Systems Protection Board, and not to decisions by arbitrators. 842 F.2d at 489.

The Authority responded to the noted flaws in the arbitrator's decision not by remanding to him but by striking the retroactive within-grade increase. The Union then moved for reconsideration of the decision on several grounds, specifically requesting remand to the arbitrator. The Authority denied the motion, asserting that the arguments presented by the Union were only

demonstrating disagreement with the merits of the Authority's decision. *Id.*

Griffith then brought a suit in federal district court for declaratory and injunctive relief against the Authority. She alleged that the Authority had erred as a matter of law in their construction of the Back Pay Act and that the refusal of the Authority to remand her case to an arbitrator was a denial of her due process rights. The district court granted the Authority's motion for summary judgment, holding that 5 U.S.C. § 7123(a) barred judicial review of non-constitutional claims, and that Griffith could not establish a due process claim because she had no legal claim of entitlement to a within-grade pay increase. *Id.* The plaintiff then appealed to the Court of Appeals.

The Court of Appeals opinion is instructive for the instant case as well. In holding that unusually clear congressional intent to foreclose review was found, the court stated:

We are convinced that as a general matter Congress intended to preclude judicial review in the district courts of FLRA decisions concerning arbitral awards. § 7123 provides for circuit court review of FLRA final orders, but then explicitly excludes orders under § 7122 relating to FLRA decisions on arbitral awards. From that exclusion Congress makes a discrete exception for orders involving unfair labor practices. No one suggests that the exception is applicable here. Therefore, contrary to the appellant's contention, we need not resort to "negative inference" to find a preclusion of review in § 7123; although the statute authorizes certain types of review and fails to mention others, it specifically excludes review of the type of Authority decisions here at issue.

To be sure, Congress did not explicitly deny to *district* courts the power to review FLRA decisions. Nevertheless, where Congress has set out a complex scheme authorizing certain types of review but not others, the express preclusion of review of FLRA orders under § 7122 in the one mention of the subject powerfully suggests an intent to preclude review in every court. *See United States v. Fausto,* 484 U.S. 439 [445], 108 S.Ct. 668, 673, 98 L.Ed.2d 830

(1988); *Block* [*v. Community Nutrition Institute* ] 467 U.S. [340] at 346–47, 104 S.Ct. [2450] at 2454 [81 L.Ed.2d 270 (1984) ]; *Switchmen's Union of North America v. National Mediation Board,* 320 U.S. 297, 305–06, 64 S.Ct. 95, 99, 88 L.Ed. 61 (1943). This is especially true in light of Congress's having explicitly given the district courts review authority in one area, namely temporary relief in unfair labor practice proceedings. *See* 5 U.S.C. § 7123(d).

Further, Congress specified that the FLRA was to review arbitrators' decisions on grounds "similar to those applied by Federal courts in private sector labor-management relations." 5 U.S.C. § 7122(a). Congress thus appears to have intended that in the area of arbitral awards the Authority would play in federal labor relations the role assigned to district courts in private sector labor law. The conference report on the Civil Service Reform Act confirms this view, stating that, "The Authority will only be authorized to review the award of the arbitrator on very narrow grounds similar to the scope of judicial review of an arbitrator's award in the public sector." H.R.Rep. No. 1717, 95th Cong., 2d Sess. 153 (1978), U.S. Code Cong. & Admin. News 1978, pp. 2723, 2887. To give district courts review of FLRA decisions would tend to redundancy and would imperil the features of the arbitral process that we believe Congress had in mind when it set up the scheme: finality, speed and economy.

*Griffith,* 842 F.2d at 490–91 (emphasis original).

The legislative history of the Statute further supports the conclusion that Congress intended to preclude judicial review of the Authority's decisions regarding arbitral awards:

[T]here will be no judicial review of the Authority's action on those arbitrators' awards in grievance cases which are appealable to the Authority. The Authority will only be authorized to review the award of the arbitrator on very narrow grounds similar to the scope of judicial review of an arbitrator's award in the private sector.

In light of the limited nature of the Authority's review, the conferees determined it would be inappropriate for there to be subsequent review by the court of appeals in such matters.

H.R.Rep. No. 1717, 95th Cong., 2d Sess. 153 (1978), U.S.Code Cong. & Admin. News 1978, pp. 2723, 2887 (emphasis omitted). As the court in *Griffith* noted,

the specific language of § 7123, the structure of the [Statute's] arbitration and review provisions, and the relevant legislative history all provide clear and convincing evidence that Congress intended to cut off judicial review of [the Authority's] decisions regarding arbitral awards of the sort involved in this case. Congress could hardly have made its view on the matter clearer.

842 F.2d at 492.

The Fourth Circuit Court of Appeals has reached the same conclusion. In *American Federation of Government Employees Local 1923 v. Federal Labor Relations Authority,* 675 F.2d 612 (4th Cir.1982), the Union sought judicial review of a decision by the Authority which modified an arbitrator's award. Review was sought under the provisions of 5 U.S.C. § 7123(a). In holding that jurisdiction for review was lacking, the Court noted:

There can be no doubt that the order sought to be reviewed was rendered under 5 U.S.C. § 7122 and that it involved an award by an arbitrator. The only issue that we must decide is whether the order also involved an unfair labor practice under § 7116. If it did then we have jurisdiction to reach the merits; if it did not, then jurisdiction is lacking. We hold that jurisdiction is lacking.

675 F.2d at 613. This simple approach to the matter was subsequently adopted by the Ninth Circuit Court of Appeals in *Tonetti v. Federal Labor Relations Authority,* 776 F.2d 929 (11th Cir.1985), a case presenting a question of first impression in the circuit concerning the Court's statutory jurisdiction to review the Authority's disposition of exceptions to arbitration awards. The Court held "that 'where arbitration has been elected and the Authority reviews exceptions to an award, we have no jurisdiction to review the Authority's

determination unless an unfair labor practice is either an explicit or a necessary ground for the final order issued by the Authority.'" *Id.* at 931 (quoting *United States Marshals Serv. v. Federal Labor Relations Auth.,* 708 F.2d 1417, 1420 (9th Cir.1983)).

The statutory language, and case law interpreting that language, shows clearly that jurisdiction for judicial review of Authority decisions regarding arbitral awards is lacking. However, "the statute leaves the door ajar for review of clear violations of statutory authority under *Leedom v. Kyne,* 358 U.S. 184 [79 S.Ct. 180, 3 L.Ed.2d 210] (1958)." *Griffith,* 842 F.2d at 490.

### The Leedom v. Kyne Exception

"Even where Congress is understood generally to have precluded review the Supreme Court has found an implicit but narrow exception, closely paralleling the historic origins of judicial review for agency actions in excess of jurisdiction." *Griffith,* 842 F.2d at 492. The principal case addressing this issue is *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

In *Leedom,* the Court found district court review proper, despite an express finality provision, where the National Labor Relations Board had acted "in *excess* of its delegated powers and contrary to a specific prohibition in the [National Labor Relations] Act." *Id.* at 188, 79 S.Ct. at 184 (emphasis added).[2]

The *Leedom v. Kyne* exception has been construed to be of very limited scope. *See Boire v. Greyhound Corp.,* 376 U.S. 473, 480–81, 84 S.Ct. 894, 898, 11 L.Ed.2d 849 (1964); *Council of Prison Locals v. Brewer,* 735 F.2d 1497, 1501 (D.C.Cir.1984); *Hartz Mountain Corp. v. Dotson,* 727 F.2d 1308, 1311–12 (D.C.Cir.1984); *Physicians National House Staff Association v. Fanning,* 642 F.2d 492, 496 (D.C.Cir.1980), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). Courts have sought to confine it to agency

error so extreme that it may be viewed as jurisdictional or nearly so. *Griffith,* 842 F.2d at 493. In fact, in *Kyne* the Court noted that the case was "not one to 'review', in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers." *Kyne,* 358 U.S. at 188, 79 S.Ct. at 183.

█ Furthermore, in *Kyne* the Court emphasized that the Board had acted "contrary to a specific prohibition in the Act" that was "clear and mandatory." 358 U.S. at 188, 79 S.Ct. at 183. Federal Courts have said that review may be had only when the agency's error is "patently a misconstruction of the act," *Hartz Mountain,* 727 F.2d at 1311, or when the agency has "disregarded a specific and unambiguous statutory directive," *United Food and Commercial Workers v. NLRB,* 694 F.2d 276, 278 (D.C.Cir.1982), or when the agency has "violated some specific command" of a statute, *Physicians National House Staff,* 642 F.2d at 496. *See also Council of Prison Locals,* 735 F.2d at 1501; *McCulloch v. Libbey–Owens–Ford Glass Co.,* 403 F.2d 916, 917 (D.C.Cir.1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969). Simple errors of law or fact are not enough to justify review, especially in matters involving agency discretion to act.

█ The Union asserts that the Authority has not fulfilled its statutory duty to resolve exceptions to arbitrator's awards under § 7122 because it did not grant reconsideration and/or remand two cases back to the arbitrator for a final decision. *Amended Complaint* at 4–5. What the Union fails to recognize is that under § 7122 "the Authority *may* take such action and make such recommendations concerning the award as *it* considers necessary, consistent with applicable laws, rules, or regulations." 5 U.S.C. § 7122(a) (emphasis added). Nowhere in the statute is it suggested that the Authority must grant reconsideration or remand cases.

---

**2.** The NLRB had issued an order certifying a bargaining unit that included professional and nonprofessional employees without polling the members, despite a provision in the Act providing that "the Board shall not (1) decide that any unit is appropriate for such purposes ... unless

a majority of such professional employees vote for inclusion in such unit." *Id.* 358 U.S. at 185, 79 S.Ct. at 182. The Court characterized the NLRB's order as "an attempted exercise of power that had been specifically withheld." *Id.* at 189, 79 S.Ct. at 184.

Instead the language clearly gives the Authority discretion in deciding what action to take regarding exceptions to arbitral awards.

Consequently, the error asserted by the Union is not judicially correctable under *Leedom v. Kyne* for it involves the Authority's failure to take discretionary action, not a claim that the Authority acted in excess of their authority. The Union conceded as much in their Memorandum in Support of Plaintiff's Motion for Summary Judgment, filed February 4, 1993, at 2, and at the hearing on this matter. In addition, even though the Union postures that they are not seeking a review of the merits of the Authority's decisions in the cases, they are in effect seeking review of the Authority's decision as to what action on the cases is appropriate under § 7122. The statute clearly precludes such review under § 7123(a).

Given the foregoing analysis, it is clear that this Court is without jurisdiction to entertain the Union's challenge to the Authority's decisions regarding exceptions to arbitral awards. Accordingly, the Authority's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure should be GRANTED.

### The Rule 56 Motions

■ The standard for consideration of the parties' Rule 56 motions was recently reiterated in *Tuck v. Henkel Corp.*, 973 F.2d 371 (4th Cir.1992) (citations omitted):

> Summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and the moving party is entitled to a judgment as a matter of law. We must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.

*Id.* at 374; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Terry's Floor Fashions, Inc. v. Bur-*

*lington Indus., Inc.*, 763 F.2d 604 (4th Cir. 1985). With this standard in mind, the Court will now address the parties' motions.

The Union submits as grounds for summary judgment an allegation that the Authority has refused to fulfill its "nondiscretionary duty" to resolve exceptions to arbitrator's decisions, therefore, this Court has jurisdiction to issue a writ of mandamus compelling such action. *Memo. in Suppt.* at 2. In order to prevail on this issue, the Union must show through its submissions which material facts establish a breach of a nondiscretionary duty, and that there is no dispute as to these facts. *See* Fed.R.Civ.P. 56.

While it is true that the Authority has a non-discretionary statutory duty to resolve exceptions to arbitral awards under 5 U.S.C. § 7105(a)(2)(H), that statutory provision also commands that the exceptions will be resolved under the dictates of § 7122. As previously noted, § 7122 gives the Authority broad discretion as to what actions they may choose to take in resolving the exceptions. Although the Union avers that the Authority has refused to fulfill its statutory duty, the facts recited to support this contention speak to actions taken, or not taken, pursuant to § 7122. Thus, the Union is really challenging the way discretionary power was exercised by the Authority in deciding exceptions to arbitral awards. As previously demonstrated, such a challenge is not cognizable in this Court under § 7123(a),[3] therefore, it can not provide a basis for summary judgment, nor does it serve to establish undisputed facts supporting a breach of a non-discretionary duty, which would be necessary to sustain this motion.

■ As for the Union's entreaty for a writ of mandamus to issue, their pleadings fail to establish that such an exceptional remedy is warranted. Writs of mandamus are issued pursuant to 28 U.S.C. § 1361, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This is "an extraordinary remedy, to be issued

---

3. *See supra* pp. 893–97.

only under extraordinary circumstances." *Cook v. Arentzen*, 582 F.2d 870, 876 (4th Cir.1978).

■ In order to meet the requirements for mandamus, the Union must show that they have "a clear right to the relief sought," that the Authority "has a clear duty to do the particular act requested," and that "no other adequate remedy is available." *In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir.1988); *Cook*, 582 F.2d at 876. Failure to show any of these prerequisites defeats a court's jurisdiction under 28 U.S.C. § 1361. *Cook*, 582 F.2d at 876.

Although they request the relief of a writ of mandamus, no where in their pleadings does the Union address how the requirements for mandamus have been met. A review of the Statute, however, demonstrates that the Union could not have established the threshold requirements under the factual circumstances. As discussed previously, the Statute gives the Authority broad discretion as to what action they may take in resolving exceptions to an arbitrator's award.[4] There is absolutely no language in the Statute that shows a clear right to have cases remanded to arbitrators or a clear duty on the part of the Authority to make such remands. Had the Union presented facts to show an "abdication of statutory responsibility" the extraordinary remedy of mandamus would lie. *Loc. 1928, Am. Fed. of Gov. Emp. v. Fed.*

---

4. *See supra* pp. 896, 897.

5. The Union suggests that the Authority's failure to remand the cases is a violation of due process. *Memo. in Suppt.* at 5. However, the Union presents no argument as to how this is a violation of due process beyond recitation of a couple of rhetorical questions, one without even the support of a recommended answer. *Id.*

The maxim that congressional preclusion of judicial review must be "clear and convincing" applies "in a particularly rigorous fashion," when constitutional claims are at stake. *Bartlett v. Bowen*, 816 F.2d 695, 699 (D.C.Cir.1987). Here the Statute does not specifically preclude review of constitutional claims, although as previously discussed it does preclude review of non-constitutional claims. *See supra* pp. 893–97. This silent deletion, therefore, is not enough to support an inference of intent to preclude review of constitutional claims. *See Ungar v. Smith*, 667 F.2d 188, 195 n. 2 (D.C.Cir.1981).

*Lab. Rel.*, 630 F.Supp. 947 (D.D.C.1986). However, no such presentation has been made. In actuality, the Authority's Statement of Material Facts, in which the Union joined, describes the administrative process and decisions made by the Authority in the contested cases, and clearly shows that no such "abdication of statutory responsibility" occurred. Mandamus, therefore, is not an appropriate remedy in the instant case. Furthermore, under the decisions rendered by the Authority in the contested cases, remand to the arbitrator is available if both parties request such action, therefore, the remedy sought is available via an avenue different from mandamus. *Norfolk Naval Shipyard*, No. 0–AR–1982, 39 F.L.R.A. at 695; *Ft. Polk*, No. 0–AR–1245, 45 F.L.R.A. at 974.

■ The foregoing analysis leads to the conclusion that the Union has failed to meet the jurisdictional requirements for a writ of mandamus to issue, and they have also failed to state a claim upon which relief can be granted.[5] Accordingly, the Union's Motion for Summary Judgment should be DENIED, and the Authority's alternative Motion for Summary Judgment should be GRANTED.

## RECOMMENDATION

For the reasons stated, it is recommended that defendant's Motion to Dismiss, or, in the

---

In establishing a violation of rights under the Due Process clause of the Fifth Amendment, however, the Union's initial hurdle is to establish that their interest is one protected by that clause. There being no suggestion that life or a liberty interest is involved, the Union can prevail only if that interest qualifies as "property." They must show that the substantive provisions governing the grant of the relief sought provide a "legitimate claim of entitlement." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 599, 92 S.Ct. 2694, 2709, 33 L.Ed.2d 570 (1972). The Union has presented no evidence to make this threshold showing to support their Motion for Summary Judgment, nor have they presented disputed facts regarding this issue which would allow it to survive the Authority's motions. Accordingly, the due process claim can not be considered as a basis for granting the Union's Motion for Summary Judgment.

alternative, for Summary Judgment, be GRANTED and the plaintiff's Motion for Summary Judgment be DENIED.

## DIRECTIONS FOR MAILING AND REVIEW PROCEDURES

The Clerk shall mail copies of this Report and Recommendation to counsel of record. By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing recommendation within ten (10) days from the date of mailing of this report to the objecting party (*see* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.

2. A district judge shall make a *de novo* determination of those portions of this report or specific recommendation to which objection is made.

The parties are further notified that failure to file timely objections to the recommendation set forth above will result in waiver of right to appeal from a judgement of this court based on such recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 846 (4th Cir.1985) (quoting *Carr v. Hutto,* 737 F.2d 433, 434 (4th Cir.1984), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985)); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).