**Rebecca T. ASARE, Edgar R. Asare, A 73 121 082**

v.

**Benedict FERRO.**

**No. Civ.A. S–98–930.**

United States District Court, D. Maryland.

April 3, 1998.

**658**

Robert Kendall, Jr., District Heights, MD, for plaintiff.

### MEMORANDUM

SMALKIN, District Judge.

On March 30, 1998, petitioners Rebecca T. Asare and Edgar R. Asare filed the instant federal petition for mandamus relief pursuant to 28 U.S.C. § 1361 seeking to compel the respondent to rule on an Immigrant Petition for Alien Relative filed by Rebecca T. Asare in March 1997.[1] (Paper No. 1.) In addition, petitioners seek the issuance of a temporary restraining order to enjoin the respondent from removing or deporting Edgar R. Asare until such time as the petition for adjustment in status is "adjudicated."[2] (*Id.*)

According to the facts presented by the petitioners, on March 17, 1997, Rebecca T. Asare, who is a United States citizen, filed an Immigrant Petition for Alien Relative [I–130] with the Eastern Immigration and Naturalization [INS] Service Center in Saint Albans, Vermont pursuant to 8 U.S.C. § 1151(b). The Petition was filed on behalf of her husband Edgar, a national and citizen of Ghana. Mr. Asare was apparently in the midst of deportation proceedings at the time the marriage took place and the I–130 Petition was filed.

Petitioners allege that the I–130 Petition was transferred to the Baltimore INS District Office on September 1997. They allege that since that date the respondent has failed to "adjudicate" the Petition and has further failed to respond to inquiries filed by petitioners' counsel or to otherwise provide information concerning the "inordinate delay" in "adjudicating" the I–130 Petition. Petitioners do not contend that the respondent is required to "adjudicate" the I–130 Petition within a particular period of time; they state, however, that upon "their information and belief, the normal period prescribed by respondent for ruling on I–130 Petitions in the INS Baltimore District Office has passed." They contend that the respondent has more than sufficient information to determine petitioner's eligibility requirements and that, in most cases, the adjudication process requires no more than three or four months.

Finally, petitioners request emergency injunctive relief, arguing that respondent's inaction on the I–130 Petition will cause Mr. Asare to suffer irreparable harm in the form of involuntary deportation and permanent separation from his wife and child.[3]

1. The complaint was accepted for filing although petitioners' counsel is not a member of the Bar of this Court and did not file the requisite *pro hac vice* request.

2. While little information is provided as to Mr. Asare's deportation proceedings, it appears that he was subject to a voluntary departure order by the Immigration Court and overstayed his depar-

ture date. He has been detained by the INS for approximately one year and is currently subject to a final order of deportation.

3. Petitioners argue that Mr. Asare's forced departure before the "adjudication" of his I–130 Petition, will (1) result in extreme hardship to his wife and child and (2) prevent him from adjust-

In essence, the instant petition requests federal court intervention over (1) the I–130 process, seeking to declare Edgar Asare an immediate relative (spouse) of a U.S. citizen and (2) the final order of deportation (removal) of petitioner Edgar Asare. The Court shall first address petitioners' request for a temporary restraining order.

■ Petitioners ask that the respondent be restrained and enjoined from carrying out an order of deportation, presumably ordered by an Immigration Judge and affirmed by the Board of Immigration Appeals.[4] As of April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 [IIRIRA], judicial review of a final order of deportation can only be initiated in a court of appeals. Federal district courts have no statutory or common law jurisdiction to exercise power of judicial review over removal or deportation matters. *Auguste v. Attorney General*, 118 F.3d 723, 725–26 (11th Cir.1997); *see also Ramallo v. Reno*, 114 F.3d 1210, 1213 (D.C.Cir.1997); *Lalani v. Perryman*, 105 F.3d 334, 336 (7th Cir.1997).

The aforementioned decisions arose out of the language of 8 U.S.C. § 1252(g) and Immigration and Nationality Act [INA] § 242(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney to commence proceedings, adjudicate cases, or execute removal orders against any alien ..." [5]

At its core, petitioners' emergency relief request would have this Court do indirectly what it can not do directly, *i.e.*, exercise jurisdiction over a matter arising from the Attorney General's decision to commence deportation proceedings and to execute deportation orders. The petitioners may not circumvent the *obvious intent* of the IIRIRA to limit federal court jurisdiction over deporta-

tion proceedings and injunctive relief requests. Petitioners' request for a temporary restraining order shall be denied. The Court shall now address petitioners' underlying mandamus complaint.

Under 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a **duty owed to the petitioner.**

■ In order to meet the requirements for mandamus relief, the petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show **any** of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F.Supp. 889, 898 (E.D.Va.1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[6] *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C.Cir.1995); *First Fed. Sav. & Loan Ass'n of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir.1988); *Plato v. Roudebush*, 397 F.Supp. 1295, 1304–05 (D.Md.1975).

■ The undersigned concludes that the petitioners have failed to meet the above established criteria. Petitioners have not shown that they have a legal right to obtain a ruling on the I–130 Petition within a particular period of time or that the Baltimore INS District Director has a clear, affirmative, peremptory duty to render an opinion on the I–130 Petition on or before a certain date.

Further, it plainly remains within the discretionary judgment of the respondent to determine whether Edgar Asare may be de-

---

**4.** Petitioners contend that they have exhausted all administrative remedies that exist.

**5.** In addition, INA § 242(f) limits the authority and jurisdiction of the federal courts to enjoin

ing his status as a lawful permanent resident based on his marriage to his U.S. citizen spouse.

the removal of any alien subject to a final order of deportation.

**6.** A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *Neal v. Regan*, 587 F.Supp. 1558, 1562 (N.D.Ind.1984).

clared Rebecca Asare's immediate relative in order to ultimately secure the preferential immigration treatment that goes with that status. Such a decision would necessarily involve an investigation into the validity of the petitioners' marriage under state and immigration law. I cannot state that the I-130 petition has remained pending in the INS Baltimore District Office an unreasonably long period of time, nor can this Court direct the exercise of respondent's judgment or discretion on the I-130 Petition in a particular way. For the foregoing reasons the instant petition for mandamus relief shall be denied. A separate Order shall be entered reflecting the opinion set out above.

### ORDER

In accordance with the foregoing Memorandum, IT IS this 3rd day of, April, 1998 by the United States District Court for the District of Maryland hereby ORDERED:

1. That the instant complaint for mandamus relief, filed pursuant to 28 U.S.C. § 1361, IS DISMISSED without requiring the issuance of process on the respondent;

2. That the petitioners' Motion for Temporary Restraining Order (Paper No. 1), IS DENIED;

3. That the Clerk of the Court CLOSE this case; and

4. That the Clerk of the Court MAIL a copy of this Order, together with the foregoing Memorandum, to counsel for the petitioners.